[814 NE2d 1189, 781 NYS2d 630]

AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v ANTHONY SARTOR, Respondent, et al., Defendants.

Argued June 2, 2004; decided July 1, 2004

### POINTS OF COUNSEL

*Berger & Webb, LLP,* New York City (*Charles S. Webb, III,* and *Thomas E. Hone* of counsel), and *Marjorie E. Bornes* for appellant. I. American Transit Insurance Company properly disclaimed coverage for liability under its policy, issued under Vehicle and Traffic Law § 370, since there was no notice to the insurer that a suit was commenced against the insured until after a default judgment was entered. (*Fusco v American Colonial Ins. Co.,* 221 AD2d 231; *Matter of Travelers Indem. Co. [Madera],* 189 AD2d 570; *Red Apple Cos. v Scottsdale Ins. Co.,* 269 AD2d 208; *Matter of DeLeon v Motor Veh. Acc. Indem. Corp.,* 243 AD2d 475; *Jenkins v Burgos,* 99 AD2d 217; *Spadaro v Newark Ins. Co.,* 21 AD2d 226; *Jewtraw v Hartford Acc. & Indem. Co.,* 280 App Div 150; *Gluck v London & Lancashire Indem. Co.,* 207 Misc 471; *Tennant v Farm Bur. Mut. Auto. Ins. Co.,* 286 App Div 117; *Rodriguez v Liberty Mut. Ins. Co.,* 214 AD2d 366.) II. American Transit Insurance Company's disclaimer against Utica Taxi Center, Inc. was proper, but, even if Utica were an insured under the policy, Anthony Sartor could not recover against American since the disclaimer against Sartor was proper.

*Herman & Herman, PC,* New York City (*Glenn A. Herman* of counsel), for respondent. I. Vehicle and Traffic Law § 370 prohibits American Transit Insurance Company from denying financial responsibility to Anthony Sartor, a member of the general public injured by the negligence of its insured. (*ELRAC,*

*Inc. v Ward,* 96 NY2d 58; *Devlin v New York Mut. Cas. Taxicab Ins. Co.,* 123 Misc 784, 213 App Div 152; *Engelson v Commerce Cas. Co.,* 149 Misc 886; *Pape v Red Cab Mut. Cas. Co.,* 128 Misc 456; *Sandolovich v United States Fid. & Guar. Co.,* 142 Misc 463; *Harris v Equitable Sur. Co.,* 131 Misc 85; *Green Bus Lines v Ocean Acc. & Guar. Corp.,* 287 NY 309; *Fidelity & Cas. Co. of N.Y. v Russell,* 31 AD2d 4, 26 NY2d 678; *Frenkel v Kress Taxi,* 208 Misc 374; *Mironov v New York Mut. Underwriters,* 147 AD2d 761.) II. In addition to Vehicle and Traffic Law § 370, the express language of American Transit Insurance Company's policy prevents it from disclaiming coverage. III. The disclaimer law and protections available under a private passenger vehicle insurance policy are separate and distinct from the protections available to for-hire vehicles. (*Pape v Red Cab Mut. Cas. Co.,* 128 Misc 456; *Mironov v New York Mut. Underwriters,* 147 AD2d 761, 74 NY2d 615; *Swee v Vals Trans,* 225 AD2d 113; *Matter of Mackey [Allcity Ins. Co.],* 27 AD2d 728; *Engelson v Commerce Cas. Co.,* 149 Misc 886; *Frenkel v Kress Taxi,* 208 Misc 374.) IV. Utica Taxi Center, Inc. is an insured of American Transit Insurance Company under its policy. (*Sosnowski v Kolovas,* 127 AD2d 756.) V. By issuing the subject policy of insurance, American Transit Insurance Company certified to the Commissioner of Motor Vehicles that it undertook to protect the public pursuant to law but then brought the within action to evade its statutory obligations. (*Devlin v New York Mut. Cas. Taxicab Ins. Co.,* 123 Misc 784; *Jenkins v Burgos,* 99 AD2d 217.) VI. American Transit Insurance Company's arguments are misplaced and not supported by the authorities cited. (*Devlin v New York Mut. Cas. Taxicab Ins. Co.,* 213 App Div 152; *Sandolovich v United States Fid. & Guar. Co.,* 142 Misc 463; *Jenkins v Burgos,* 99 AD2d 217; *Pierre v Providence Washington Ins. Co.,* 99 NY2d 222.)

## OPINION OF THE COURT

GRAFFEO, J.

The issue in this case is whether Vehicle and Traffic Law § 370 obligates the insurer of a taxicab to satisfy a default judgment entered against its insureds where the insurer was never notified, as required by the terms of its commercial liability policy, that legal proceedings had been commenced by the injured party. We conclude that the statute does not obviate the insurer's right to such notice and, therefore, the insurer is entitled to disclaim coverage under these circumstances.

Defendant Anthony Sartor was injured in March 2000 when a vehicle he was driving was involved in an accident with a taxicab

being driven by defendant Julien Mesamours. The taxicab, which was owned by defendant Utica Taxi Center, Inc., was insured by plaintiff American Transit Insurance Company in the name of the registered owner, defendant Pierre Toussaint. Although a taxi operator is required to provide written notice to its insurer within five days of an accident or face a misdemeanor criminal charge (see Vehicle and Traffic Law § 370 [4]), neither Mesamours, Toussaint nor Utica Taxi informed American Transit about the collision involving Sartor. Approximately seven months later, Sartor's attorney notified American Transit of the accident, and requested information regarding the name of American Transit's claim adjuster and the extent of the policy's liability limits. American Transit apparently never responded to this inquiry.

Sartor, an Ohio resident, subsequently initiated a personal injury action against Mesamours, Toussaint and Utica Taxi in Federal District Court. None of the defendants answered Sartor's complaint or informed American Transit that a lawsuit had been filed, as required by the terms of the policy. Nor did Sartor, whose attorney had contacted American Transit three months earlier, send the insurer notice that he had filed a lawsuit. After obtaining a default judgment and submitting proof of his injuries at an inquest, Sartor was awarded $100,000 in damages against the three defendants. Sartor served a copy of the judgment on American Transit and the defendants one week later. American Transit disclaimed coverage solely on the basis that it had not been timely notified by any party of the commencement of the litigation or the application for a default judgment, and it asserted that Utica Taxi was not its insured as defined by the policy.

American Transit then commenced this action, seeking a declaration that it was not obligated to satisfy Sartor's default judgment.[1] The insurer moved for summary judgment and Sartor cross-moved for summary judgment declaring that the

---

**1.** Concurrently with the initiation of this action, American Transit (on behalf of Toussaint and Mesamours) applied in federal court to vacate the default judgment on the ground that process was not properly served by Sartor. After a traverse hearing, the District Court denied the motion, but the Court of Appeals for the Second Circuit vacated that decision and remanded to provide the District Court an opportunity to consider whether Sartor's process server exercised due diligence prior to using affix-and-mail service on Mesamours and whether Toussaint was properly served at Utica Taxi's place of business (see Sartor v Toussaint, 70 Fed Appx 11, 14 [2d Cir 2002]). On remand, the District Court adhered to its original decision and refused to

disclaimer was improper. Supreme Court granted American Transit's motion, concluding that the lack of notice to the insurer of the initiation of the federal lawsuit constituted a breach of an express condition precedent to coverage under the terms of the commercial insurance policy and Sartor's notice of the accident was insufficient.

The Appellate Division reversed and granted Sartor's cross motion for summary judgment. Despite the undisputed fact that American Transit was never informed about the initiation of litigation, the Court determined that American Transit was liable for the default judgment because the terms of the policy and relevant provisions of the Vehicle and Traffic Law provide that an insured's failure to supply requisite notice does not prejudice the rights of an injured party to recover under the policy. We granted leave to appeal and now reverse.

Our analysis of the issue presented in this case is guided by well-settled principles of insurance law. Among these is the rule that an insurer has the right to demand that it be notified of any loss or accident that is covered under the terms of the insurance policy (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]; *Hicks v British Am. Assur. Co.*, 162 NY 284, 292 [1900]). The purpose of such a requirement is to "afford the insurer an opportunity to protect itself" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 440) by, for example, "investigating claims soon after the underlying events" (*Matter of Brandon [Nationwide Mut. Ins. Co.]*, 97 NY2d 491, 496 [2002]). Here, the commercial liability policy, having been approved by the Superintendent of Insurance for use in compliance with section 370 of the Vehicle and Traffic Law, expressly conditions American Transit's obligation to provide coverage upon its receipt of "immediate written notice of any accident causing loss."

Distinct from notice of an accident, an insurer may also demand that it receive timely notice of a claimant's commencement of litigation. The purpose of such notice is to provide the insurer with a fair and reasonable opportunity to appear and defend against a claim or exercise its right to settle the matter. The policy issued by American Transit conditions its coverage obligation upon receipt of "immediate written notice of any . . . notice of claims for damages on account of such accidents." The

vacate the default judgment (*see Sartor v Utica Taxi Ctr., Inc.*, 260 F Supp 2d 670, 672 [SD NY 2003]).

policy further states that "[i]f any suit is brought against the Insured to recover such damages the Insured shall immediately forward to the Company every summons or other process served upon him."

The insurer's receipt of such notice is therefore a condition precedent to its liability under the policy (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 440). The failure to satisfy this requirement may allow an insurer to disclaim its duty to provide coverage (*see id.; see also Matter of Brandon [Nationwide Mut. Ins. Co.]*, 97 NY2d at 496-497; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 581 [1992]). Significantly, although it is the insured that is charged with the primary duty to issue notice to the insurer, the Legislature has given an injured party the statutory right to fulfill this policy obligation by allowing any necessary notification to be issued by the claimant (*see Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564, 568 [1st Dept 1957], *affd* 4 NY2d 1028 [1958]; *see generally General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 863-864 [1979]). Section 3420 (a) (3) of the Insurance Law mandates that all liability policies include a provision that "written notice by or on behalf of the injured person or any other claimant . . . shall be deemed notice to the insurer."

In this case, Sartor argues that the general notice rules have been modified by section 370 (4) of the Vehicle and Traffic Law, which specifically addresses taxicabs and other vehicles that transport passengers for hire. He claims that the insureds' failure to comply with the notice requirements cannot prejudice his rights as an injured party and, therefore, American Transit cannot disclaim coverage by relying on his failure to provide notice of the federal litigation. We disagree with this contention.

The starting point in any case of statutory interpretation must, of course, always be the language itself, giving effect to its plain meaning. A court cannot amend a statute by adding words that are not there (*see Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995]). Applying these established principles of statutory interpretation, we find nothing in the text of Vehicle and Traffic Law § 370 (4) to indicate that the Legislature intended to alter the long-standing insurance industry practice with regard to notice or the right that Insurance Law § 3420 (a) (3) grants to injured claimants. With respect to vehicles that transport passengers for hire, section 370 (4) of the Vehicle and Traffic Law provides that:

"[e]very person operating a motor vehicle . . . as to

which a bond or policy of insurance is required by this section, which is in any manner involved in an accident, shall within five days give written notice of the time and place of the accident to the surety or insurer. Failure to give notice of an accident as herein provided shall constitute a misdemeanor, but shall not affect the liability of the surety or insurer."

It is readily apparent that the purpose of this provision is to establish an incentive to the operator of a vehicle for hire to supply its insurer with immediate notice that an accident has occurred in order to avoid criminal liability for noncompliance. But the statute also clearly indicates that the operator's failure to furnish such notice has no effect on the insurer's obligations under the terms of the insurance policy. Thus, a violation of section 370 (4) does not create an exclusive basis for a disclaimer of coverage by the insurer. Nothing in the language of the statute therefore relieves a claimant from complying with Insurance Law § 3420 (a) (3)—the provision allowing an injured party to issue the notice otherwise required of an insured—in order to preserve a right to recovery.[2]

Nor does subdivision (1) of section 370 undermine American Transit's right to receive notice of litigation. This portion of the statute states, in relevant part, that "[e]very person, firm, association or corporation engaged in the business of carrying or transporting passengers for hire in any motor vehicle . . . shall file with the commissioner of motor vehicles . . . a policy of insurance . . . conditioned for the payment of a minimum sum . . . on a judgment or judgments for damages" (Vehicle and Traffic Law § 370 [1]). The policy issued by American Transit complies with this statutory command.[3] Although Sartor asserts that requiring notice of commencement of a lawsuit transforms

2. Sartor's reliance on certain language in the insurance policy issued by American Transit is unavailing for a similar reason. The policy provides that the insured's failure to comply with the notice conditions "SHALL NOT PREJUDICE THE RIGHT OF ANY PERSON OTHER THAN THE INSURED TO RECOVER HEREUNDER." Thus, the insured's dilatory conduct, standing alone, does not constitute an adequate basis for a disclaimer against the injured party precisely because the claimant personally may issue the required notice pursuant to section 3420 of the Insurance Law (see General Acc. Ins. Group v Cirucci, 46 NY2d at 863-864). It is only in the event of noncompliance by both the insured and the injured claimant that the insurer may validly disclaim against the injured party.

3. Paragraph 1 of the policy provides that American Transit "agrees to pay any sums which the insured may become obligated to pay by reason of the liability imposed by law upon the Insured for damages . . . resulting from the

the policy into a noncompliant, illusory agreement to pay a damages judgment, we find this contention unpersuasive, given that it is permissible for an insurer to seek compliance with various notice and cooperation provisions as conditions precedent to its coverage obligations.[4]

In addition, requiring a claimant to give proper and timely notice of the initiation of litigation does not contravene the general " 'public policy that victims of automobile accidents should have recourse to a financially responsible defendant' " (*Planet Ins. Co. v Bright Bay Classic Vehs.*, 75 NY2d 394, 401 [1990], quoting *Motor Veh. Acc. Indem. Corp. v Continental Natl. Am. Group Co.*, 35 NY2d 260, 265 [1974]). Nor does it subvert the public policy underlying Vehicle and Traffic Law § 370 and its predecessor statutes, which were enacted "from the viewpoint of the protection of the passengers using the common carrier and not primarily for the protection of the owner" of the vehicle for hire (*Green Bus Lines v Ocean Acc. & Guar. Corp.*, 287 NY 309, 313 [1942]).[5] Permitting an insurer to demand notice of litigation neither undermines the insurer's financial responsibility nor shifts the protections of common carrier policies away from the injured party. To the contrary, a claimant, acting in a responsible manner by providing notice to the insurer under Insurance Law § 3420 (a) (3), can singlehandedly protect his or her recovery in the event a judgment eventually is entered against an insured.

Our decision that Vehicle and Traffic Law § 370 does not negate the notice condition precedent required by the policy at issue in this case effectuates the intent of the Legislature, as

---

ownership, operation, maintenance, use or defective construction of the motor vehicle[ ] described in the Declaration." This agreement, of course, is premised on American Transit being notified about the occurrence of an accident and the commencement of any litigation, as well as other conditions.

4. Sartor's reliance on our decision in *Pierre v Providence Washington Ins. Co.* (99 NY2d 222 [2002]) is misplaced. The issue in that case was whether the driver of a tractor-trailer or the company for whom he worked qualified as an "insured" under a federally-mandated endorsement known as the MCS-90. And, unlike the facts of this case, the parties in *Pierre* "agree[d] that the endorsement modifie[d] the terms of the [insurance] policy by excusing any conditions or limitations, including the notice of accident condition on which Providence disclaimed" (*id.* at 230).

5. The requirement that taxicab owners file proof of insurance or other security derives from section 282-b of the former Highway Law (L 1922, ch 612), which was recodified as section 17 of the Vehicle and Traffic Law (L 1929, ch 54) before being placed into its current location in article 8 of the Vehicle and Traffic Law (L 1959, ch 775).

reflected in the language of the statute and Insurance Law § 3420, and also preserves the fair and reasonable balance of rights and responsibilities among injured claimants, insured parties and their insurers. Rather than being left to the mercy of an insured's acts of compliance or noncompliance with the terms of the insurance policy, a claimant injured by a vehicle for hire can safeguard the ability to seek enforcement of a judgment against the insurer by exercising the independent notice right provided by the Legislature in Insurance Law § 3420 (a) (3). Concomitantly, the insurer will have an opportunity to challenge or settle claims against its insured. We therefore conclude that American Transit properly disclaimed coverage of the default judgment on the ground that it did not receive notice of the federal litigation.

Finally, in light of our determination, it is unnecessary to address Sartor's remaining argument regarding the effect of the Utica Taxi disclaimer.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur.

Order reversed, etc.