[827 NE2d 762, 794 NYS2d 704]

The Argo Corporation et al., Appellants, v Greater New York Mutual Insurance Company, Respondent.

Argued February 9, 2005; decided April 5, 2005

## POINTS OF COUNSEL

*Nicoletti Hornig Campise Sweeney & Paige,* New York City (*David R. Hornig* and *Julia M. Moore* of counsel), for appellants. I. *Matter of Brandon (Nationwide Mut. Ins. Co.)* (97 NY2d 491 [2002]) applies to this action and requires prejudice. (*Mark A. Varrichio & Assoc. v Chicago Ins. Co.,* 312 F3d 544; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576; *American Home Assur. Co. v International Ins. Co.,* 90 NY2d 433.) II. The time is ripe for New York to abandon its strict adherence to the outdated no-prejudice rule. (*Matter of Brandon [Nationwide Mut. Ins. Co.],* 97 NY2d 491; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576; *American Home Assur. Co. v International Ins. Co.,* 90 NY2d 433.)

*Thomas D. Hughes,* New York City, and *Richard C. Rubinstein* for respondent. I. This Court should not change the rule that commercial-liability insurers need not show prejudice when disclaiming coverage for late notice of the occurrence, claim, or suit because this rule is based on sound principles of contract law and construction, has not prejudiced insureds or advantaged insurers, and is the only equitable rule to apply. (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576; *American Tr. Ins. Co. v Sartor,* 3 NY3d 71; *United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229; *Greenfield v Philles Records,* 98 NY2d 562; *Graf v Hope Bldg. Corp.,* 254 NY 1; *Matter of Davis v Block & Smith,* 297 NY 20; *White v City of New York,* 81 NY2d 955; *American Home Assur. Co. v International Ins. Co.,* 90 NY2d 433.) II. If there is a prejudice requirement in the commercial-liability contract, then the insured should have the burden of proof on this issue for both contractual and public policy reasons. (*Allis-Chalmers Mfg. Co. v Malan Constr. Corp.,* 30 NY2d 225; *American Tr. Ins. Co. v Sartor,* 3 NY3d 71; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436.)

*Anderson Kill & Olick, P.C.,* New York City (*John B. Berringer* and *Dennis J. Artese* of counsel), for Catholic Health Services of Long Island, amicus curiae. I. The overwhelming majority of states apply the notice-prejudice rule to late notice. (*Matter of Brandon [Nationwide Mut. Ins. Co.],* 97 NY2d 491; *State*

*Farm Mut. Auto. Ins. Co. v Sparacio,* 297 AD2d 284; *New York Mut. Underwriters v Kaufman,* 257 AD2d 850; *Mark A. Varrichio & Assoc. v Chicago Ins. Co.,* 99 NY2d 545, 328 F3d 50; *Ellis v Columbian Natl. Life Ins. Co.,* 270 App Div 143, 296 NY 594; *Press Publ. Co. v General Acc. Fire & Life Assur. Corp. of Perth, Scotland,* 160 App Div 537, 217 NY 648; *McCormack v Security Mut. Life Ins. Co.,* 161 App Div 33, 220 NY 447; *Rockaway Park Series Corp. v Hollis Automotive Corp.,* 206 Misc 955, 285 App Div 1140.) II. The insurance industry's objections to the notice-prejudice rule are unjustified and should be rejected. (*American Home Prods. Corp. v Liberty Mut. Ins. Co.,* 565 F Supp 1485; *Marine Basin Co. v Northwestern Fire & Mar. Ins. Co.,* 256 NY 306; *LeCorre v Bijesse Belford Dolewski & DeMicco,* 269 AD2d 569.)

*Hiscock & Barclay, LLP,* Albany (*Mark W. Blanchfield* of counsel), for New York Insurance Association, Inc., amicus curiae. I. Requiring insurers to show prejudice to enforce the reasonable notice condition would be a complete sea change in New York law. (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487; *D'Aloia v Travelers Ins. Co.,* 85 NY2d 825; *People v Hobson,* 39 NY2d 479; *Heyert v Orange & Rockland Util.,* 17 NY2d 352; *Cenven, Inc. v Bethlehem Steel Corp.,* 41 NY2d 842.) II. The policy reasons behind a no-prejudice rule still exist with respect to notice of the circumstances of the claim. (*Matter of Brandon [Nationwide Mut. Ins. Co.],* 97 NY2d 491; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576; *American Tr. Ins. Co. v Sartor,* 3 NY3d 71; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Matter of Medical Socy. of State of N.Y. v Serio,* 100 NY2d 854.) III. The case law from other states is inconsistent with New York's legal scheme. (*Sablosky v Gordon Co.,* 73 NY2d 133; *Morris v Snappy Car Rental,* 84 NY2d 21; *American Tr. Ins. Co. v Sartor,* 3 NY3d 71; *2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 142 AD2d 124; *Dyno-Bite, Inc. v Travelers Cos.,* 80 AD2d 471; *Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487.)

*Rivkin Radler LLP,* Uniondale (*Evan H. Krinick* and *Alan C. Eagle* of counsel), and *Wiley Rein & Fielding LLP,* Washington, D.C. (*Laura A. Foggan* and *John C. Yang* of counsel), for Complex Insurance Claims Litigation Association, amicus curiae. I. New York consistently has adhered to the no-prejudice rule. (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31

NY2d 436; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576; *AXA Mar. & Aviation Ins. [UK] Ltd. v Seajet Indus. Inc.*, 84 F3d 622; *Maroney v New York Cent. Mut. Fire Ins. Co.*, 10 AD3d 778; *American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433; *Fisher v Hanover Ins. Co.*, 288 AD2d 806; *T & S Masonry v State Ins. Fund*, 290 AD2d 308; *Centenniel Ins. Co. v Hoffman*, 265 AD2d 629; *Nationwide Mut. Ins. Co. v Vivas*, 267 AD2d 105; *Matter of Allstate Ins. Co. v Kruger*, 264 AD2d 443, 94 NY2d 755, 944.) II. Rationales for the no-prejudice rule are well established and applicable to the present facts. (*Graf v Hope Bldg. Corp.*, 254 NY 1; *First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630; *Greenfield v Philles Records*, 98 NY2d 562; *Matter of Southeast Banking Corp.*, 93 NY2d 178; *Nichols v Nichols*, 306 NY 490, 307 NY 677; *Matter of Davis v Block & Smith*, 297 NY 20; *United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229; *Douglas v Knickerbocker Life Ins. Co.*, 83 NY 492; *AXA Mar. & Aviation Ins. [UK] Ltd. v Seajet Indus. Inc.*, 84 F3d 622; *Commercial Union Ins. Co. v International Flavors & Fragrances, Inc.*, 822 F2d 267.) III. The lower court properly declined to depart from the no-prejudice rule. (*Matter of Brandon [Nationwide Mut. Ins. Co.]*, 97 NY2d 491; *American Tr. Ins. Co. v Sartor*, 3 NY3d 71; *Steadfast Ins. Co. v Sentinel Real Estate Corp.*, 283 AD2d 44; *Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 7 AD3d 955, 3 NY3d 669, 608; *Mark A. Varrichio & Assoc. v Chicago Ins. Co.*, 312 F3d 544; *Cade & Saunders, P.C. v Chicago Ins. Co.*, 332 F Supp 2d 490; *Green Door Realty Corp. v TIG Ins. Co.*, 329 F3d 282; *Genesee Mgt. v Barrette*, 4 AD3d 874; *St. Charles Hosp. & Rehabilitation Ctr. v Royal Globe Ins. Co.*, 282 AD2d 593; *Matter of Schulz v State of New York*, 151 Misc 2d 594, 185 AD2d 596, 81 NY2d 336.)

*Dickstein Shapiro Morin & Oshinsky LLP*, New York City (*David L. Elkind, Edward Tessler* and *Elizabeth A. Sherwin* of counsel), for KeySpan Corporation, amicus curiae. The rationale underlying the no-prejudice rule does not justify allowing insurance companies to evade coverage for claims they would have neither defended nor covered no matter when they received notice of the suit or claim. (*Matter of Brandon [Nationwide Mut. Ins. Co.]*, 97 NY2d 491; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576; *Jacob & Youngs v Kent*, 230 NY 239; *American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433; *Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334; *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169; *Incorporated Vil. of Cedarhurst v Hanover Ins. Co.*, 89 NY2d 293; *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d

640; *Roofers' Joint Training, Apprentice & Educ. Comm. of W. N.Y. v General Acc. Ins. Co. of Am.*, 275 AD2d 90; *Ansonia Assoc. Ltd. Partnership v Public Serv. Mut. Ins. Co.*, 257 AD2d 84.)

*Athari Law Office*, Utica (*Mo Athari* of counsel), for Athari Law Office, amicus curiae. I. The exception carved out to protect insurers in New York has failed to justify the rationale, as a matter of law, for not applying the substantial or actual prejudice rule as a factor in considering late notice. (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576; *Seals v Powell*, 236 AD2d 700.) II. If this Court allows the substantial or actual prejudice standard to be considered as an additional factor, the burden of proof to show prejudice should be on the insurer.

*Kirkpatrick & Lockhart Nicholson Graham LLP*, New York City (*Gerald A. Novack* of counsel), *Val Washington, Kirkpatrick & Lockhart Nicholson, Graham LLP*, Pittsburgh, Pennsylvania (*Thomas E. Birsic* and *Paul K. Stockman* of counsel), and *Edgar Snyder & Associates, LLC*, Pittsburgh, Pennsylvania (*James D. Belliveau* and *Michael H. Rosenzweig* of counsel), for Crucible Materials Corporation and others, amici curiae. The court should extend the holding in *Matter of Brandon (Nationwide Mut. Ins. Co.)* (97 NY2d 491 [2002]) to apply to general liability insurance, requiring that insurers be prejudiced before coverage is forfeited due to late notice. (*American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576; *Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 13 AD3d 227; *Carlino v Lumbermens Mut. Cas. Co.*, 74 NY2d 350; *Matthews v American Cent. Ins. Co.*, 154 NY 449; *Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321; *Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 49 NY2d 924; *Eagle Star Ins. Co. v International Proteins Corp.*, 45 AD2d 637; *Hanover Ins. Co. v Losquadro*, 157 Misc 2d 1014.)

### OPINION OF THE COURT

G.B. SMITH, J.

The issue in this case is whether a primary insurer can disclaim coverage based solely upon a late notice of lawsuit or must show prejudice. We hold that, under the circumstances of this case, plaintiffs' late notice was unreasonable as a matter of law, that the Appellate Division correctly applied *Matter of*

*Brandon* (*Nationwide Mut. Ins. Co.*) (97 NY2d 491 [2002]) and that the insurer need not show prejudice.

On January 2, 1997, Igo Maidanek slipped and fell on ice on the sidewalk adjacent to 137-01 83rd Avenue in Kew Gardens, New York. Maidanek was a tenant of the premises. The property was owned by Henry Moskowitz and managed by two companies owned by Moskowitz, Argo Corporation and Martinique Realty Associates (Argo).

On December 27, 1999, Maidanek brought suit for personal injuries against Argo by serving a summons and complaint on the New York Secretary of State. Argo acknowledged receipt of the summons and complaint by signing a return-receipt dated February 28, 2000. On November 10, 2000, Argo was served with a default judgment. On February 13, 2001, Argo received a notice of entry of the default judgment and of the scheduling of a hearing on that judgment. On February 21, 2001, Argo received service of a note of issue for trial readiness.

Argo notified Greater New York Mutual Insurance Company (GNY), its commercial liability insurance carrier,[1] on May 2, 2001. On June 4, 2001, GNY disclaimed coverage because of the late notice of the lawsuit and occurrence, which, according to GNY, was a "condition precedent" to coverage under the insurance policy.[2]

In January 2003, Argo brought a declaratory judgment action against GNY challenging GNY's disclaimer. GNY responded with a motion to dismiss for failure to comply with the contract provision which required timely notice to the carrier of the occurrence and of the lawsuit against the insured. The contract required notice "as soon as practicable."[3]

---

**1.** Previously, "GNY issued a commercial-package insurance policy to Henry Moskowitz that included commercial-liability insurance coverage for some 35 buildings in New York City." (Respondent's brief at 3.)

**2.** "A condition precedent is 'an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises'" (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995] [citations omitted]).

**3.** "Section IV—Commercial General Liability Conditions . . .

"2. Duties in The Event of Occurrence, Offense, Claim Or Suit

"a. You must see to it that we are notified *as soon as practicable* of an 'occurrence' or an offense which may result in a claim'. To the extent possible, notice should include:

"(1) How, when and where the 'occurrence' or offense took place;

"(2) The names and addresses of any injured person and witnesses; and

Supreme Court agreed that Argo failed to comply with a condition precedent to coverage under the contract, stating,

> "Plaintiffs' policy required them to 'see to it that we [the insurer] are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.' Plaintiffs never notified defendant of Maidanek's suit until 14 months after service of the complaint upon the Secretary of State as their agent, until 6 months after service of the default motion upon plaintiffs, until more than 3 months after default was entered and until almost 3 months after service of the Note of Issue upon plaintiffs."

As a result, Supreme Court granted defendant's motion to dismiss for failure to timely notify the insurer.

The Appellate Division affirmed, stating:

> "[T]he insureds are unable to provide an excuse for their failure to comply with the policy's notice provisions.

> "Unlike *Matter of Brandon* (*Nationwide Mut. Ins. Co.*) (97 NY2d 491 [2002]), this is not a case where the carrier had prior notice of the claim before the action was commenced." (1 AD3d 264, 265 [2003] [citations omitted].)

We granted leave to appeal and now affirm.

---

"(3) The nature and location of any injury or damage arising out of the 'occurrence' or offense.

"b. If a claim is made or 'suit' is brought against any insured, you must:

"(1) Immediately record the specifics of the claim or 'suit' and the date received; and

"(2) Notify us as soon as practicable.

"You must see to it that we receive written notice of the claim or 'suit' as soon as practicable.

"c. You and any other involved insured must:

"(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit';

"(2) Authorize us to obtain records and other information;

"(3) Cooperate with us in the investigation or settlement of the claim or defense against the 'suit'; and

"(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

"d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent." (Emphasis added.)

For years the rule in New York has been that where a contract of primary insurance requires notice "as soon as practicable" after an occurrence, the absence of timely notice of an occurrence is a failure to comply with a condition precedent which, as a matter of law, vitiates the contract (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440-443 [1972]) [failure to notify in a timely manner allowed insurer to disclaim coverage]). No showing of prejudice is required (*id.*). Strict compliance with the contract protects the carrier against fraud or collusion (*id.*); gives the carrier an opportunity to investigate claims while evidence is fresh; allows the carrier to make an early estimate of potential exposure and establish adequate reserves and gives the carrier an opportunity to exercise early control of claims, which aids settlement (*Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 582 [1992]).

We have applied the no-prejudice rule in various contexts in recent years: supplementary underinsured motorist (SUM) insurance (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 495-496 [1999]; *cf. Matter of Brandon, and Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468 [2005]) and excess insurance (*American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, 442-443 [1997]). We have held, however, that the rule enunciated in *Security Mutual* does not apply to reinsurance and a reinsurer must show prejudice before it can be relieved of its obligations to perform under a contract (*Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 582-584 [1992]).

In *Matter of Brandon* (*Nationwide Mut. Ins. Co.*) (97 NY2d 491 [2002]), we again departed from the general no-prejudice rule and held that the carrier must show prejudice before disclaiming based on late notice of a lawsuit in the SUM context (*see* 97 NY2d 491, 498 [2002], *supra*). Under the facts of *Brandon*, the carrier received timely notice of claim but late notice of a lawsuit (*see id.* at 494-495). We were unwilling to extend the no-prejudice exception in regard to late notice of a lawsuit because "unlike most notices of claim—which must be submitted promptly after the accident, while an insurer's investigation has the greatest potential to curb fraud—notices of legal action become due at a moment that cannot be fixed relative to any other key event, such as the injury, the discovery of the tortfeasor's insurance limits or the resolution of the underlying tort claim" (*see id.* at 498).

*Brandon* did not abrogate the no-prejudice rule and should not be extended to cases where the carrier received unreason-

ably late notice of a claim. The facts here, where no notice of claim was filed and the first notice filed was a notice of lawsuit, are distinguishable from *Brandon* where a timely notice of claim was filed, followed by a late notice of lawsuit, and distinguishable from *Rekemeyer*, where an insured gave timely notice of the accident, but late notice of a SUM claim. Argo was notified of the lawsuit against it in February 2000 but did not notify GNY until May 2001. The burden of establishing that the delay was not unreasonable falls on the insured (*see U.S. Underwriters Ins. Co. v A & D Maja Constr., Inc.*, 160 F Supp 2d 565, 569 [SD NY 2001]).

Argo admits that Maidanek filed the lawsuit against it in late 1999, and that it received notice of the claim in early 2000. Argo further admits that its notice to GNY was late but argues that GNY has not shown prejudice as a result of this late notice. Argo notified GNY 14 months after it was first served with the lawsuit, and six months after a default judgment was entered against it. Argo asks this Court to extend the *Brandon* "prejudice analysis to notice of suit in commercial policies where the notice was admittedly late."

The rationale of the no-prejudice rule is clearly applicable to a late notice of lawsuit under a liability insurance policy. A liability insurer, which has a duty to indemnify and often also to defend, requires timely notice of lawsuit in order to be able to take an active, early role in the litigation process and in any settlement discussions and to set adequate reserves. Late notice of lawsuit in the liability insurance context is so likely to be prejudicial to these concerns as to justify the application of the no-prejudice rule. Argo's delay was unreasonable as a matter of law and thus, its failure to timely notify GNY vitiates the contract. GNY was not required to show prejudice before declining coverage for late notice of lawsuit.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur; Chief Judge KAYE taking no part.

Order affirmed, with costs.