In the Matter of GEICO Co., Respondent, v ARLENE WINGO et al., Respondents, AMERICAN TRANSIT INSURANCE COMPANY, Appellant, et al., Respondent. [830 NYS2d 215]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, American Transit Insurance Company appeals from an order of the Supreme Court, Kings County (Archer, J.H.O.), dated October 27, 2005,

which, after a hearing, determined that the disclaimer by American Transit Insurance Company was invalid and granted the petition to permanently stay arbitration.

Ordered that the order is reversed, on the law and the facts, with costs, the petition is denied, and the proceeding is dismissed.

The respondents Arlene Wingo and Diane Prather were passengers in one of two automobiles involved in an accident which occurred on March 13, 2004 in New York City. As a result of the accident Wingo and Prather sustained injuries, and their attorney wrote a letter dated April 13, 2004 to the appellant, American Transit Insurance Company (hereinafter American Transit) seeking verification of coverage. Testimony adduced at the framed-issue hearing herein demonstrated, inter alia, that Prather also applied to American Transit in June 2004 for no-fault benefits based on the subject accident and that it received an MV-104 form pertaining to the accident from the broker on April 22, 2004. However, American Transit was not notified by its insured, Abdul Rehman, the owner and driver of the other vehicle involved in the accident, of the commencement in December 2004 of an action by Wingo and Prather against him for personal injuries sustained in the accident. American Transit first learned of that action when it received a copy of the motion for a default judgment served by the attorney for Wingo and Prather on March 23, 2005.

Neither American Transit's insured, Rehman, nor the injured claimants, Wingo and Prather, provided American Transit with notice of the commencement of litigation by providing a copy of the papers served in the lawsuit pursuant to the American Transit policy provisions requiring immediate forwarding of such papers (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.,* 4 NY3d 332 [2005]; *American Tr. Ins. Co. v Sartor,* 3 NY3d 71 [2004]). Thus, the written disclaimer on this ground sent by American Transit on April 7, 2005 to its insured Rehman, copies of which were sent to Rehman's broker and the attorney for Wingo and Prather, was valid (*see Argo Corp. v Greater N.Y. Mut. Ins. Co., supra; American Tr. Ins. Co. v Sartor, supra*). Accordingly, the Rehman vehicle was uninsured for the subject accident, and the petition by GEICO Co. for a permanent stay of the arbitration demanded by Wingo and Prather should have been denied and the proceeding dismissed. Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.