■ AMERICAN TRANSIT INSURANCE COMPANY, Respondent, v RECHEV OF BROOKLYN, INC., et al., Defendants, and JUDITH KLAUSNER, Appellant. [867 NYS2d 914]—

Although appellant had provided plaintiff with information about the accident shortly after it occurred, in compliance with the policy, she failed to give plaintiff notice of her suit against its insureds until 14 months after the suit was commenced and she had obtained an order for a default judgment. Plaintiff having thus lost its right to appear and interpose an answer, its disclaimer of coverage was proper (*see* Insurance Law § 3420 [a] [3]; *American Tr. Ins. Co. v B.O. Astra Mgt. Corp.*, 39 AD3d 432 [2007], *lv denied* 9 NY3d 802 [2007]). Concur—Tom, J.P., Nardelli, Sweeny and DeGrasse, JJ.

McGuire, J., concurs in a separate memorandum as follows: I agree with the majority's implicit conclusion that plaintiff insurer American Transit Insurance Co. (ATIC) was required to show that it was prejudiced by the failure of defendant Klausner, the plaintiff in the underlying personal injury action, to provide timely notice to ATIC of the action she had commenced against ATIC's insured. I write separately because I believe we should explain that conclusion, especially in light of decisions by this Court and the Second Department that appear to support a different conclusion.

Although ATIC did not receive timely notice of the action from Klausner, it did receive timely notice of the accident, as is evinced by the letter it sent to Klausner less than two months after the accident requesting that she complete a form providing information about the accident and her injuries. Indeed, ATIC conceded in its reply papers that it had received timely notice of the accident. Moreover, that letter addresses Klausner as "Claimant." According to Klausner's submission opposing ATIC's motion for summary judgment, she completed and returned the form, and her attorney thereafter provided medical reports and records to ATIC and engaged in settlement discussions with ATIC. ATIC did not dispute these assertions in its reply papers.

In *Argo Corp. v Greater N.Y. Mut. Ins. Co.* (4 NY3d 332, 340 [2005]), the Court of Appeals held that a commercial liability insurer "was not required to show prejudice before declining coverage for late notice of lawsuit." The Court stressed in its opinion, however, that the carrier also had not received timely notice of claim (*id.* at 339-340). As the Court of Appeals noted in *Argo*, "[i]n *Matter of Brandon (Nationwide Mut. Ins. Co.)* (97 NY2d 491 [2002]), we again departed from the general no-prejudice rule and held that the carrier must show prejudice before disclaiming based on late notice of a lawsuit in the SUM [supplementary underinsured motorist] context" (4 NY3d at 339). In *Rekemeyer v State Farm Mut. Auto. Ins. Co.* (4 NY3d 468 [2005]), the plaintiff in a declaratory judgment action against her insurance carrier "did not submit her notice of SUM claim as soon as practicable" (*id.* at 474). Although the notice of claim was untimely, the Court accepted the plaintiff's argument that the Court should "relax its application of the no-prejudice rule in SUM cases where the carrier has been timely put on notice of the accident" (*id.*).

Because this case is not one involving SUM coverage, Klausner cannot maintain that *Matter of Brandon* and *Rekemeyer* require relaxation of the no-prejudice rule. Indeed, *Rekemeyer* arguably supports the opposite conclusion: timely notice of the accident should not lead to relaxation of the no-prejudice rule because this is *not* a SUM case. Moreover, the proposition that ATIC was required to show that it was prejudiced by Klausner's failure to give timely notice of her suit against ATIC's insured is at least called into question by our recent decision in *1700 Broadway Co. v Greater N.Y. Mut. Ins. Co.* (54 AD3d 593 [2008]). In *1700 Broadway*, the insured did not give notice to the commercial general liability insurer of the underlying personal injury action against the insured until eight months

after the insured was served with the summons and complaint. This Court held that the unexplained delay "constituted late notice as a matter of law" and that the insurer "was not required to demonstrate prejudice by reason of the delay in order to disclaim coverage" (*id.* at 593-594). Although nothing in this Court's opinion suggests that the insurer had received timely notice either of the occurrence or of the claim, nothing in the opinion suggests that whether either notice had been given in timely fashion was relevant to the holding. Moreover, the Second Department has held that an insurer validly disclaimed coverage on the ground of untimely notice of the underlying personal injury action against its insured even though the insurer had received written notice of the accident one month after the accident and one of the plaintiffs in the personal injury action had sought no-fault benefits from the insurer not later than $3^{1/2}$ months after the accident (*Matter of GEICO Co. v Wingo,* 36 AD3d 908 [2007]).

As the majority indicates, this appeal is controlled by our decision in *American Tr. Ins. Co. v B.O. Astra Mgt. Corp.* (39 AD3d 432 [2007], *lv denied* 9 NY3d 802 [2007]). Consistent with the emphasis the Court of Appeals placed in *Argo* on the fact that the carrier had not received timely notice of claim, this Court held that "[h]aving received timely notice of claim, plaintiff insurer was not entitled to disclaim coverage based on untimely notice of the claimant's commencement of litigation unless it was prejudiced by the late notice" (*id.* at 432). This case is a fortiori to *B.O. Astra,* because ATIC received both timely notice of the accident and timely notice of Klausner's claim.

The majority's analysis premises the propriety of the disclaimer of coverage on ATIC "having . . . lost its right to appear and interpose an answer." For this reason, and because the majority goes on to cite *B.O. Astra,* it appears that the majority has concluded, albeit implicitly, that ATIC was required to show prejudice. As stated above, I agree that *B.O. Astra* requires that conclusion. Unquestionably, moreover, ATIC was prejudiced by Klausner's failure to provide notice until after she had obtained a default judgment. As Justice Lehner observed in his written decision granting ATIC's motion for summary judgment, although ATIC "could . . . have applied to vacate the default . . . on the part of its insured, it is far from clear whether such a motion would be granted, and it could be prejudicial to [ATIC's] rights to require it to appear for its insured under such circumstances." I would add only—I doubt Justice Lehner meant to suggest otherwise—that it is prejudicial to ATIC's rights to require it to shoulder the burden of moving to vacate the default.

Finally, there is no merit to Klausner's argument that ATIC's disclaimer is really a disclaimer for failure to cooperate. Although an insurer can disclaim on account of its insured's failure to cooperate in the handling of a claim, ATIC disclaimed on the distinct ground of lack of timely notice of the underlying action. The requirement of timely notice of that action is a condition precedent to ATIC's liability (*American Tr. Ins. Co. v Sartor*, 3 NY3d 71, 76 [2004]), and Klausner failed to exercise her independent right to fulfill this policy obligation (*id.* ["the Legislature has given an injured party the statutory right to fulfill this policy obligation (of timely notice) by allowing any necessary notification to be issued by the claimant"]).