■ VANES VERNET et al., Respondents, v EVEREADY INSURANCE COMPANY, Appellant. [931 NYS2d 691]—

The plaintiffs were passengers in a livery cab and allegedly sustained personal injuries when the cab was involved in an automobile accident with an individual insured by the defendant (hereinafter the insured). The accident occurred on October 15, 2000, in Brooklyn. On or about October 25, 2000, the defendant was made aware of the accident and opened a claims file. Thereafter, on May 29, 2001, and September 26, 2001, the defendant received letters from the plaintiffs' counsel informing it of counsel's representation of the plaintiffs. The next correspondence from the plaintiffs' counsel regarding the insured was received by the defendant on August 15, 2005. In this correspondence, the defendant learned that an action had been commenced against, among others, the insured, on July 9, 2003, and that a default judgment dated November 19, 2004, had been entered in that action in favor of the plaintiffs and against, among others, the insured. The defendant disclaimed coverage on the ground that the insured breached the insurance policy by failing to timely notify it of the commencement of an action regarding the accident. The plaintiffs commenced this action against the defendant and sought to recover the outstanding amount of the default judgment obtained by the plaintiffs against the insured. Following joinder of issue, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint, without prejudice to renew. In its renewed motion, the defendant sought, in effect, summary judgment dismissing the complaint. The defendant argued that it had no obligation to indemnify the insured in connection with the default judgment obtained against her in the related personal injury action because, inter alia, she breached certain conditions in the insurance policy. The Supreme Court denied the renewed motion. We reverse.

With respect to policies issued before January 17, 2009 (see Insurance Law § 3420 [c] [2] [A]), as the subject policy was, an insurer could disclaim coverage when the insured failed to satisfy the notice condition, without regard to whether the insurer was prejudiced by the insured's failure to satisfy the condition (see Insurance Law 3420 [a] [1], [5]; [c] [2] [A]; *Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *American Tr. Ins. Co. v Sartor*, 3 NY3d 71 [2004]; *McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co.*, 79 AD3d 981, 983 [2010]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596, 596-597 [2010]; *Matter of GEICO Co. v Wingo*, 36 AD3d 908 [2007]). Thus, the absence of timely notice of litiga-

tion is a failure to comply with a condition precedent which, as a matter of law, vitiates the contract (see American Tr. Ins. Co. v Sartor, 3 NY3d 71 [2004]; Matter of GEICO Co. v Wingo, 36 AD3d 908 [2007]). Where there is no excuse or mitigating factor for the failure to give notice, the question of reasonable notice is a legal determination (see Travelers Ins. Co. v Volmar Constr. Co., 300 AD2d 40, 42 [2002]).

However, despite this no-prejudice rule, the insurance policy provided, inter alia, that a person seeking coverage must "send [the defendant] copies of any notices or legal papers received in connection with the accident or loss as soon as reasonably possible," and further, that the defendant had no duty to provide coverage "if the failure to comply [with the policy] is prejudicial to [the defendant]." Thus, based upon the language in this particular agreement, the defendant was required, on its renewed motion for summary judgment, to show that it was provided untimely notice and that it was prejudiced as a result of the untimely notice.

Here, in support of its renewed motion for summary judgment, the defendant presented prima facie proof of untimely notice via the deposition testimony and affidavit of its claims manager. The manager stated that it was not until August 15, 2005, that the defendant first learned that an action had been commenced and a default judgment entered against the insured. Additionally, as to prejudice, the defendant established that, since it was first informed of the commencement of an action against the insured more than two years after the commencement of the action, the delay constituted "late notice as a matter of law" (1700 Broadway Co. v Greater N.Y. Mut. Ins. Co., 54 AD3d 593, 593 [2008]). The defendant further demonstrated that the failure of the insured to provide notice until after a default judgment had been entered prejudiced it because it lost its right to appear and interpose an answer, thus requiring it to shoulder the burden of moving to vacate the default judgment (see American Tr. Ins. Co. v Rechev of Brooklyn, Inc., 57 AD3d 257, 259 [2008]).

In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contentions amounted to unsupported, speculative, and conclusory allegations, and lacked any probative value in determining whether the defendant received timely notification of the underlying action and default judgment (see generally Paladino v Time Warner Cable of N.Y. City, 16 AD3d 646 [2005]). Further, no excuse or explanation was ever posited as to the late notice.

The plaintiffs' remaining contentions are without merit. Ac-

cordingly, based on the plaintiffs' late notice and prejudice to the defendant, the Supreme Court should have granted the defendant's renewed motion, in effect, for summary judgment dismissing the complaint. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.