JEROME O'GARRO, Respondent, v STATE FARM FIRE & CASUALTY INSURANCE COMPANY, Appellant. [946 NYS2d 896]—

In an action pursuant to Insurance Law § 3420 to recover the amount of an unsatisfied judgment against the defendant's insured, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated September 27, 2011, as denied its motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary

judgment dismissing the complaint is granted, and that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability is denied.

On September 6, 2003, a vehicle operated by the plaintiff was involved in an accident with a vehicle owned by the defendant's insured. By filing a summons and complaint dated November 11, 2003, the plaintiff commenced an action against the defendant's insured to recover damages for personal injuries. The defendant's insured defaulted in appearing or answering the complaint, and after an inquest on the issue of damages, a judgment was entered on August 17, 2006, in favor of the plaintiff and against the defendant's insured in the total sum of $184,563. The plaintiff's attorney enclosed a copy of the judgment along with correspondence that it sent to the defendant dated December 12, 2006. In correspondence dated January 5, 2007, the defendant notified its insured and the plaintiff that the December 12, 2006, correspondence was the first notice that it had received that an action had been commenced against its insured, and that it would disclaim coverage based on its failure to receive timely notice of the commencement of the action, as was required by the subject insurance policy. The plaintiff then commenced this action pursuant to Insurance Law § 3420 to recover the amount of the unsatisfied judgment against the defendant's insured.

The Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that although it had notice of the plaintiff's accident and claim against its insured soon after the accident, it had no notice of the commencement of the plaintiff's action against the defendant's insured until it received the correspondence dated December 12, 2006. Thus, the defendant properly and timely disclaimed coverage (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *American Tr. Ins. Co. v Sartor*, 3 NY3d 71, 75 [2004]; *Vernet v Eveready Ins. Co.*, 89 AD3d 725, 726-727 [2011]; *Vacca v State Farm Ins. Co.*, 15 AD3d 473, 474 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact.

For the same reasons, that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability should have been denied.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Hall, Lott and Austin, JJ., concur.