■ SPARTACUS SCHOOL OF SPORTS, INC., Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. [956 NYS2d 492]—

The plaintiff, Spartacus School of Sports, Inc. (hereinafter Spartacus), was insured under commercial general liability insurance policies (hereinafter the policies) issued by the defendant, Nationwide Mutual Insurance Company (hereinafter Nationwide). The policies required that Spartacus notify Nationwide of certain defined events "as soon as practicable." After being named as a defendant in three actions, entitled

*Salas v Spartacus Sch. of Sports, Inc., Obolensky v Reasen,* and *Furman v Spartacus Sch. of Sports, Inc.,* all commenced in the Supreme Court, Kings County, Spartacus sought coverage under the policies. Nationwide disclaimed coverage with respect to each action, in part on the ground that Spartacus had not complied with the policies' notice provisions. Spartacus then commenced this action seeking, among other things, a judgment declaring that Nationwide is obligated to defend and indemnify it in each underlying action. Nationwide interposed counterclaims seeking a judgment declaring that it is not obligated to defend or indemnify Spartacus in the underlying actions. Nationwide eventually moved for summary judgment, in effect, declaring that it is not obligated to defend or indemnify the plaintiff in the underlying actions. The Supreme Court denied the motion, and Nationwide appeals.

Nationwide established its prima facie entitlement to judgment as a matter of law declaring that it is not obligated to defend or indemnify Spartacus in the underlying actions. In support of its motion, Nationwide submitted evidence demonstrating that Spartacus failed to comply with the policies' requirements that it provide Nationwide with notice of the occurrences at issue in each of the underlying actions, and of the actions themselves, as soon as practicable, thus vitiating coverage (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.,* 4 NY3d 332, 337 [2005]; *AH Prop., LLC v New Hampshire Ins. Co.,* 95 AD3d 1243, 1244 [2012]; *SP & S Assoc., LLC v Insurance Co. of Greater N.Y.,* 80 AD3d 529, 529 [2011]). In opposition, Spartacus failed to raise a triable issue of fact (*see AH Prop., LLC v New Hampshire Ins. Co.,* 95 AD3d at 1244; *SP & S Assoc., LLC v Insurance Co. of Greater N.Y.,* 80 AD3d at 529). Accordingly, the Supreme Court should have granted Nationwide's motion.

In light of our determination, we need not reach Nationwide's remaining contention.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Nationwide is not obligated to defend or indemnify Spartacus in the underlying actions (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Angiolillo, J.P., Balkin, Lott and Roman, JJ., concur.