Lipnitsky v American Tr. Ins. Co. (2019 NY Slip Op 02510)





Lipnitsky v American Tr. Ins. Co.


2019 NY Slip Op 02510


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-10519
 (Index No. 501865/17)

[*1]Mikhail Lipnitsky, appellant, 
v
American Transit Insurance Company, respondent.


Goldstein & Goldstein, P.C., Brooklyn, NY (Mark I. Goldstein and Cindy A. Moonsammy of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action pursuant to Insurance Law § 3420(a)(2) to recover the amount of an unsatisfied judgment against the defendant's insureds, the plaintiff appeals from an amended order of the Supreme Court, Kings County (Bernard Graham, J.), dated July 20, 2017. The amended order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the amended order is affirmed, with costs.
On May 4, 2011, a vehicle operated by the plaintiff was involved in an accident with a vehicle owned by the defendant's insureds. In July 2011, the plaintiff commenced an action against the defendant's insureds to recover damages for personal injuries. The defendant's insureds defaulted in appearing or answering the complaint, and after an inquest on the issue of damages, a judgment was entered on February 5, 2015, in favor of the plaintiff and against the defendant's insureds in the total sum of $101,455. The plaintiff's attorney enclosed a copy of the judgment in a letter sent to the defendant dated February 6, 2015. In letters dated February 26, 2015, the defendant notified its insureds and the plaintiff that the letter dated February 6, 2015, was the first notice it had received that an action had been commenced against its insureds, and that it was disclaiming coverage based on the insureds' and the plaintiff's failure to provide timely notice of the commencement of the action, as required by the subject insurance policy.
The plaintiff then commenced this action pursuant to Insurance Law § 3420(a)(2) against the defendant to recover the amount of the unsatisfied judgment against the defendant's insureds. The defendant moved for summary judgment dismissing the complaint, arguing that it properly and timely disclaimed coverage on the ground that it was not provided timely notice of the commencement of litigation against the insureds. The plaintiff cross-moved for summary judgment on the complaint, contending that his counsel had sent notice of the accident on June 6, 2011, and notice of the commencement of the litigation on November 30, 2011. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion, finding that the notice of the commencement of the litigation sent by the plaintiff's attorney was not sent to an address connected to the defendant. The plaintiff appeals.
"Distinct from notice of an accident, an insurer may . . . demand that it receive timely notice of a claimant's commencement of litigation" (American Tr. Ins. Co. v Sartor, 3 NY3d 71, 75). Here, the subject policy conditioned its coverage obligation upon receipt of "immediate written notice of any accident causing loss . . . and . . . notice of claims for damages on account of such accidents." The policy further required that "[i]f any suit is brought against the Insured to recover such damages the Insured shall immediately forward to the Company every summons or other process served upon him." Receipt of such notice is a condition precedent to the defendant's liability under the policy, and the failure to provide such notice vitiates the contract (see id. at 75-76; Vernet v Eveready Ins. Co., 89 AD3d 725, 727).
Contrary to the plaintiff's contention, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it had no notice of the commencement of the plaintiff's action against the defendant's insureds until it received the letter dated February 6, 2015, from the plaintiff's counsel. The prior notices allegedly sent by the plaintiff's counsel were sent to a post office box address that was not a valid address for the defendant. In opposition, the plaintiff failed to raise a triable issue of fact (see O'Garro v State Farm Fire & Cas. Ins. Co., 96 AD3d 1027, 1028; Vernet v Eveready Ins. Co., 89 AD3d at 727).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint and to deny the plaintiff's cross motion for summary judgment on the complaint.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court