[828 NE2d 970, 796 NYS2d 13]

CYNTHIA A. REKEMEYER, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

Argued February 9, 2005; decided April 5, 2005

## POINTS OF COUNSEL

*Brennan, Rehfuss & Liguori, P.C.*, Albany (*Joseph M. Brennan* of counsel), for appellant. I. The reasoning set forth in *Matter of Brandon (Nationwide Mut. Ins. Co.)* (97 NY2d 491 [2002]) should be extended to require an insurer to demonstrate prejudice before disclaiming coverage based upon late notice of claim in a claim for supplemental uninsured/underinsured motorists benefits. (*Mark A. Varrichio & Assoc. v Chicago Ins. Co.*, 312 F3d 544; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436; *Banks v American Mfrs. Mut. Ins. Co.*, 306 AD2d 120; *New York Mut. Underwriters v Kaufman*, 257 AD2d 850; *Freeman v MBL Life Assur. Corp.*, 60 F Supp 2d 259; *Gaidon v Guardian Life Ins. Co. of Am.*, 255 AD2d 101; *Rochester Radiology Assoc., P.C. v Aetna Life Ins. Co.*, 616 F Supp 985; *Barile v Kavanaugh*, 67 NY2d 392; *Continental Auto Lease Corp. v Campbell*, 19 NY2d 350; *Fried v Seippel*, 80 NY2d 32.) II. The Appellate Division, Third Department, erred when it reversed the determination of the trial court that plaintiff-appellant notified defendant-respondent of her claim for supplemental uninsured/underinsured motorists coverage "as soon as practicable" under the particular circumstances of this case. (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487; *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12; *Unwin v New York Cent. Mut. Fire Ins. Co.*, 268 AD2d 669; *Matan v Nationwide Mut. Ins. Co.*, 243 AD2d 978; *Murphy v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 689; *Medina v State Farm Mut. Auto. Ins. Co.*, 303 AD2d 987; *Rose v Furgerson*, 281 AD2d 857, 97 NY2d 602; *Owen v Allstate Ins. Co.*, 250 AD2d 1018; *Matter of Brandon [Nationwide Mut. Ins. Co.]*, 97 NY2d 491.)

*Goldberg Segalla LLP*, Buffalo (*Daniel W. Gerber, Thomas F. Segalla* and *Matthew S. Lerner* of counsel), for respondent. I. A

denial upon late notice of claim requires no demonstration of prejudice. (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *American Home Assur. Co. v International Ins. Co.,* 90 NY2d 433; *Martinson v Massachusetts Bay Ins. Co.,* 947 F Supp 124; *Fireman's Fund Ins. Co., Inc. v Schuster Films, Inc.,* 811 F Supp 978; *Brown v Travelers Ins. Co.,* 4 AD3d 835; *DiGuglielmo v Travelers Prop. Cas.,* 6 AD3d 344; *Blue Ridge Ins. Co. v Jiminez,* 7 AD3d 652; *Banks v American Mfrs. Mut. Ins. Co.,* 306 AD2d 120; *Unwin v New York Cent. Mut. Fire Ins. Co.,* 268 AD2d 669.) II. It is unnecessary and it would be a mistake for this Court to depart from the well-settled late note of claim rule. (*Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Restoration Realty Corp. v Robero,* 58 NY2d 1089; *J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, 4 NY2d 1028; *First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64; *All City Ins. Co. v Pioneer Ins. Co.,* 194 AD2d 424; *Solomon v Continental Fire Ins. Co. of City of N.Y.,* 160 NY 595; *Jacob & Youngs v Kent,* 230 NY 239; *Coleman v New Amsterdam Cas. Co.,* 247 NY 271.) III. *Matter of Brandon (Nationwide Mut. Ins. Co.)* (97 NY2d 491 [2002]) did not depart from the no-prejudice rule for late notice of claim in the supplemental uninsured/underinsured motorists context. (*Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564.) IV. The policy rationales upon which other courts have relied do not warrant departing from the well-settled case law concerning the no-prejudice rule. (*Bersani v General Acc. Fire & Life Assur. Corp.,* 36 NY2d 457; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Evans,* 95 AD2d 470; *Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487; *Coleman v New Amsterdam Cas. Co.,* 247 NY 271; *Matter of New York Cent. Mut. Fire Ins. Co. [Benson],* 277 AD2d 920.) V. Any change in this Court's application of prejudice to late notice should only be applied prospectively. (*Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184; *Gager v White,* 53 NY2d 475; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436.) VI. The Appellate Division correctly held that Cynthia Rekemeyer did not give notice of her intent to file a supplemental uninsured/underinsured motorists claim as soon as practicable. (*Owen v Allstate Ins. Co.,* 250 AD2d 1018; *Matter of State Farm Mut. Auto. Ins. Co. v Bennett,* 289 AD2d 496; *Zuckerman v City of New York,* 49 NY2d 557; *Matter of Nationwide Ins. Co. [De Rose],* 241 AD2d 607; *Matter of*

*Nationwide Mut. Ins. Co. v Wexler,* 276 AD2d 490; *Matter of Nationwide Ins. Co. v Bietsch,* 224 AD2d 623.)

*Hiscock & Barclay, LLP,* Albany (*Mark W. Blanchfield* of counsel), for New York Insurance Association, Inc., amicus curiae. I. Requiring insurers to show prejudice to enforce the reasonable notice condition would be a complete sea change in New York law. (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487; *D'Aloia v Travelers Ins. Co.,* 85 NY2d 825; *People v Hobson,* 39 NY2d 479; *Heyert v Orange & Rockland Util.,* 17 NY2d 352; *Cenven v Bethlehem Steel Corp.,* 41 NY2d 842.) II. The policy reasons behind a no-prejudice rule still exist with respect to notice of the circumstances of the claim. (*Matter of Brandon [Nationwide Mut. Ins. Co.],* 97 NY2d 491; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576; *American Tr. Ins. Co. v Sartor,* 3 NY3d 71; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Matter of Medical Socy. of State of N.Y. v Serio,* 100 NY2d 854.) III. The case law from other states is inconsistent with New York's legal scheme. (*Sablosky v Gordon Co.,* 73 NY2d 133; *Morris v Snappy Car Rental,* 84 NY2d 21; *American Tr. Ins. Co. v Sartor,* 3 NY3d 71; *2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 142 AD2d 124; *Dyno-Bite, Inc. v Travelers Cos.,* 80 AD2d 471; *Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487.)

*Rivkin Radler LLP,* Uniondale (*Evan H. Krinick* and *Alan C. Eagle* of counsel), and *Wiley Rein & Fielding LLP,* Washington, D.C. (*Laura A. Foggan* and *John C. Yang* of counsel), for Complex Insurance Claims Litigation Association, amicus curiae. I. New York consistently has adhered to the no-prejudice rule. (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576; *Matter of Brandon [Nationwide Mut. Ins. Co.],* 97 NY2d 491; *Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487; *Argo Corp. v Greater N.Y. Mut. Ins. Co.,* 1 AD3d 264; *American Home Assur. Co. v International Ins. Co.,* 90 NY2d 433; *Fisher v Hanover Ins. Co.,* 288 AD2d 806; *T & S Masonry v State Ins. Fund,* 290 AD2d 308; *Centenniel Ins. Co. v Hoffman,* 265 AD2d 629; *Nationwide Mut. Ins. Co. v Vivas,* 267 AD2d 105.) II. Rationales for the no-prejudice rule are well-established and applicable to the present facts. (*Graf v Hope Bldg. Corp.,* 254 NY 1; *First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630; *Greenfield v Philles Records,* 98 NY2d 562; *Matter of*

*Southeast Banking Corp.*, 93 NY2d 178; *Matter of Davis v Block & Smith*, 297 NY 20; *United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229; *Douglas v Knickerbocker Life Ins. Co.*, 83 NY 492; *AXA Mar. & Aviation Ins. [U.K.] Ltd. v Seajet Indus. Inc.*, 84 F3d 622; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576; *American Ins. Co. v Fairchild Indus., Inc.*, 56 F3d 435.) III. The lower court properly declined to depart from the no-prejudice rule. (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487; *Unwin v New York Cent. Mut. Fire Ins. Co.*, 268 AD2d 669; *Matter of Nationwide Ins. Co. [De Rose]*, 241 AD2d 607; *DiGuglielmo v Travelers Prop. Cas.*, 6 AD3d 344; *Sayed v Macari*, 296 AD2d 396; *Shaw Temple A.M.E. Zion Church v Mount Vernon Fire Ins. Co.*, 199 AD2d 374; *Matter of Brandon [Nationwide Mut. Ins. Co.]*, 97 NY2d 491; *Mark A. Varrichio & Assoc. v Chicago Ins. Co.*, 312 F3d 544; *Cade & Saunders, P.C. v Chicago Ins. Co.*, 332 F Supp 2d 490; *Green Door Realty Corp. v TIG Ins. Co.*, 329 F3d 282.)

## OPINION OF THE COURT

G.B. SMITH, J.

This is a declaratory judgment action in which plaintiff seeks a declaration that she is entitled to payment under the supplementary uninsured/underinsured motorists (SUM) provision of her insurance contract. The insurance carrier disclaimed on the ground that written notice of the SUM claim was not given as soon as practicable and that a copy of the summons and complaint in plaintiff's legal action was not immediately given to it. On the facts of this case, we hold that the carrier must show prejudice before it may disclaim coverage due to plaintiff's late notice of SUM claim.

On May 8, 1998, plaintiff, Cynthia Rekemeyer, was rear-ended while driving her car. Shortly after the accident occurred, Rekemeyer notified State Farm of the occurrence and made a claim for no-fault benefits. At the time of the accident, plaintiff had been unable to work for 18 years due to an existing back problem. Throughout 1998, plaintiff received medical care from a number of doctors for accident related injuries. In December 1998 and again in February 2000, at the request of State Farm, plaintiff was evaluated by a doctor of State Farm's choice concerning accident related injuries.

On April 27, 1999, plaintiff filed suit against the driver of the other car, Sherwood Bouyea. By letter dated July 21, 1999, plaintiff notified State Farm of the lawsuit. In a bill of

particulars dated July 1999, plaintiff alleged that she had suffered "severe and permanent injuries to her left arm and cervical spine." In September 1999, plaintiff learned that Bouyea's maximum liability coverage was $50,000. Plaintiff's demand was for $1 million.

In October 1999, plaintiff underwent surgery on her back for injuries she alleges she sustained as a result of the car accident. On March 12, 2000, Bouyea's attorney offered $45,000 to settle the claim. On March 31, 2000, plaintiff notified State Farm that she would pursue SUM coverage under her own policy. On April 10, 2000, Bouyea's attorney made a settlement offer of $50,000. On April 25, 2000, State Farm disclaimed coverage based upon plaintiff's failure to notify it of the SUM claim as soon as practicable and because of failure to notify it immediately of the lawsuit.

In October 2000, plaintiff brought this declaratory judgment action against State Farm. State Farm answered the complaint. It then filed a motion for summary judgment dismissing the complaint for failure to comply with the insurance contract provision requiring notice of the SUM claim as soon as practicable. On June 19, 2003, Supreme Court denied defendant's motion to dismiss, and, citing *Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso* (93 NY2d 487 [1999]), granted plaintiff's motion for a declaratory judgment for SUM coverage. Supreme Court stated:

> "On the facts of this case, it cannot be concluded that plaintiff did not give notice of her SUM claim as soon as practicable as a matter of law. The slowly evolving nature of plaintiff's injuries, her preexisting injury and daily pain, intervening surgeries and the bona fide questions as to severity and causation of the new injury, along with the tortfeasor's defenses on the issue of liability can reasonably be said to have prevented knowledge that the tortfeasor was underinsured until at or about such time as a settlement offer near or at the limit of his policy was tendered. It was at that point that plaintiff promptly notified defendant of her SUM claim. Thus, defendant's motion must be denied and plaintiff's cross motion will be granted."

On May 20, 2004, Appellate Division reversed and determined:

> "[P]laintiff knew or reasonably should have known

"that Bouyea's insurance was insufficient to provide full compensation for her injuries and yet she inexplicably waited six months before providing notice to defendant of her intent to make a claim for supplemental coverage. We find such notice to have been untimely and, thus, Supreme Court erred in granting her cross motion for summary judgment." (7 AD3d 955, 957 [2004].)

On September 21, 2004, this Court granted plaintiff leave to appeal.

Initially, plaintiff argues that she submitted her notice of SUM claim to State Farm as soon as practicable and did not breach the insurance contract. We have held that in the SUM context, the phrase "as soon as practicable" means that "the insured must give notice with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d at 495). The requirement that the insured give notice as soon as practicable "contemplates elasticity and a case-by-case inquiry as to whether the timeliness of the notice was reasonable, taking all of the circumstances into account" (*see id.* at 494; *see also Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 19 [1979]).

We agree with the Appellate Division that plaintiff did not submit her notice of SUM claim as soon as practicable. Although plaintiff had disabling injuries prior to the accident that may have interfered with her assessment of the extent of new injuries, she stated in her bill of particulars in the underlying personal injury action—drafted eight months before plaintiff notified defendant of her claim for SUM coverage—that she had suffered serious and permanent injuries as a result of the accident. The record thus belies any claim that she was unaware that her injuries were serious. Moreover, Bouyea informed plaintiff in September 1999 that he was insured for only $50,000. Accordingly, the Appellate Division appropriately concluded that plaintiff's notice of her SUM claim in March 2000—approximately six months later—was untimely.

Plaintiff also urges this Court to relax its application of the no-prejudice rule in SUM cases where the carrier has been timely put on notice of the accident. This argument is persuasive. The rule in New York has been for years that an insured's failure to provide timely notice of an accident relieves the carrier of its obligation to perform regardless of whether it can

demonstrate prejudice (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 442-443 [1972]). This rule is known as the no-prejudice rule. Although this rule has sometimes been characterized as the "traditional rule," it is actually a limited exception to two established contract principles: "(1) that ordinarily one seeking to escape the obligation to perform under a contract must demonstrate a material breach or prejudice; and (2) that a contractual duty [requiring strict compliance] ordinarily will not be construed as a condition precedent absent clear language showing that the parties intended to make it a condition" (*Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 581 [1992] [citations omitted]). The idea behind strict compliance with the notice provision in an insurance contract was to protect the carrier against fraud or collusion (*see id.*).

More recently in *Matter of Brandon* (*Nationwide Mut. Ins. Co.*), this Court held that a SUM carrier that received timely notice of a claim must show prejudice before disclaiming SUM benefits based on late notice of a legal action (*see* 97 NY2d 491, 494-495, 498 [2002]). In the SUM context, the *Brandon* court was unwilling to extend the no-prejudice exception in regard to late notice of a legal suit because "unlike most notices of claim—which must be submitted promptly after the accident, while an insurer's investigation has the greatest potential to curb fraud—notices of legal action become due at a moment that cannot be fixed relative to any other key event, such as the injury, the discovery of the tortfeasor's insurance limits or the resolution of the underlying tort claim." (*Id.* at 498.)

There are important public policy issues that continue to arise both in federal and state courts which warrant a review of the no-prejudice exception, particularly when the insured has given timely notice of occurrence or claim (*see Mark A. Varrichio & Assoc. v Chicago Ins. Co.*, 312 F3d 544, 548-550 [2002] [certified question to New York Court of Appeals of whether timely notice of occurrence required the insurer to show prejudice before disclaiming for late notice of lawsuit; question withdrawn because parties settled]). This case presents us with an opportunity to reexamine the applicability of the no-prejudice rule in the SUM context.

The facts of the current case, while different from *Brandon*, also warrant a showing of prejudice by the carrier. Here, plaintiff gave timely notice of the accident and made a claim for no-fault benefits soon thereafter. That notice was sufficient to promote the valid policy objective of curbing fraud or collusion. More-

over, the record indicates that State Farm undertook an investigation of the accident. It also required plaintiff to undergo medical exams in December 1998 and February 2000. Under these circumstances, application of a rule that contravenes general contract principles is not justified. Absent a showing of prejudice, State Farm should not be entitled to a windfall (*Brandon*, 97 NY2d at 496 n 3, citing *Clementi v Nationwide Mut. Fire Ins. Co.*, 16 P3d 223, 230 [Colo 2001]). Additionally, State Farm should bear the burden of establishing prejudice "because it has the relevant information about its own claims-handling procedures and because the alternative approach would saddle the policyholder with the task of proving a negative" (*id.* at 498; *see also Unigard*, 79 NY2d at 584 [placing the burden of showing prejudice on the reinsurer]). Thus, we hold that where an insured previously gives timely notice of the accident, the carrier must establish that it is prejudiced by a late notice of SUM claim before it may properly disclaim coverage.

Our analysis today is in line with other jurisdictions which require that carriers show prejudice before untimely notice of a SUM claim is held to be a material breach in the contract warranting disclaimer (*see Clementi v Nationwide Mut. Fire Ins. Co.*, 16 P3d 223, *supra*; *State Auto. Mut. Ins. Co. v Youler*, 183 W Va 556, 396 SE2d 737 [1990]; *Ouellette v Maine Bonding & Cas. Co.*, 495 A2d 1232 [Me 1985]; *State Farm Mut. Auto. Ins. Co. v Burgess*, 474 So 2d 634 [Ala 1985]; *Pennsylvania Gen. Ins. Co. v Becton*, 475 A2d 1032 [RI 1984]; *Rampy v State Farm Mut. Auto. Ins. Co.*, 278 So 2d 428, 435 [Miss 1973]; *see also Alcazar v Hayes*, 982 SW2d 845, 854 [Tenn 1998] [where an insured has failed to provide timely notice of a claim, there is a rebuttable presumption that the carrier has been prejudiced]).

Accordingly, the order of the Appellate Division should be modified, without costs, by denying defendant's motion for summary judgment and remitting to the trial court for the carrier to have an opportunity to demonstrate prejudice, and, as so modified, affirmed.

Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur; Chief Judge KAYE taking no part.

Order modified, etc.