■ BROWNSTONE PARTNERS/AF&F, LLC, et al., Appellants, v A. ALEEM CONSTRUCTION, INC., Defendant, and TRAVELERS PROPERTY CASUALTY, Respondent. [796 NYS2d 41]—

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered January 15, 2004, which, inter alia, granted defendant insurer's cross motion for sum-

mary judgment and declared that defendant was not obligated to indemnify and defend plaintiffs in the underlying action, unanimously affirmed, with costs.

Although the subject commercial general liability policy issued by defendant required that notice be given "as soon as practicable" and plaintiffs, the owner of and general contractor at the subject work site, indisputably knew immediately after the fact that there had been a work-related accident at the work site in which a subcontractor's employee was injured, plaintiffs did not tender their defense of the underlying, ensuing action to defendant as additional insureds under the commercial general liability policy until nearly five months after the accident and four months after the underlying action was commenced against them. Plaintiffs' proffered excuse for failing to notify defendant sooner of the accident, namely, that they relied upon the subcontractor's assurances that the subcontractor would bear responsibility for injuries caused by the reckless conduct of its employees, was insufficient to raise any triable issue as to whether plaintiffs had a reasonable, good-faith belief in their nonliability (*see Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, 499 [1989], *lv dismissed* 74 NY2d 651 [1989]; *and see DiGuglielmo v Travelers Prop. Cas.*, 6 AD3d 344 [2004], *lv denied* 3 NY3d 608 [2004]). We note that the insurer need not show prejudice in order to disclaim, based on untimely notice of the claim (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332 [2005]; *cf. Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468 [2005]). Concur—Buckley, P.J., Saxe, Friedman, Williams and Sweeny, JJ.