■ In the Matter of the Arbitration between PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Respondent, and EARL HEATH, Appellant. [837 NYS2d 476]—

Appeal from an order of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered March 8, 2006 in a proceeding pursuant to CPLR article 75. The order granted the petition and permanently stayed arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On July 29, 2003, respondent was seriously injured when the vehicle in which he was a passenger struck another vehicle. Respondent filed claims with the insurance companies for both vehicles. The insurance company for the vehicle in which respondent was a passenger denied his claim on the ground that the policy had expired at the time of the accident and thus the vehicle was not insured. The insurance company for the second vehicle denied respondent's claim on the ground that there was no liability for the accident on the part of its insured. The Motor Vehicle Accident Indemnification Corporation denied respondent's subsequent application for

benefits on the ground that respondent was covered by an insurance policy issued by petitioner, Progressive Northeastern Insurance Company (Progressive), to respondent's parents.

On March 16, 2004, respondent filed both a claim for no-fault benefits and an uninsured motorist (UM) claim with Progressive. Progressive paid benefits on the no-fault claim but disclaimed coverage on the UM claim based on respondent's failure to give Progressive notice and proof of the claim as soon as practicable. When respondent informed Progressive of his intent to arbitrate his UM claim, Progressive commenced this CPLR article 75 proceeding seeking to stay arbitration. We conclude that Supreme Court properly granted the petition.

Contrary to the contention of respondent, the fact that Progressive paid no-fault benefits does not establish that Progressive waived the right to disclaim coverage on the UM claim. "Waiver is the intentional relinquishment of a known right" (*Enright v Nationwide Ins.* [appeal No. 2], 295 AD2d 980, 981 [2002]; *see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]). Here, there is no evidence in the record establishing Progressive's intentional relinquishment of the notice requirements (*see generally Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 698 [1980]).

Contrary to respondent's further contention, Progressive was not required to show prejudice before disclaiming coverage on the UM claim. Traditionally, the rule in New York has been that "an insured's failure to provide timely notice of an accident [or claim] relieves the carrier of its obligation to perform regardless of whether it can demonstrate prejudice" (*Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468, 474-475 [2005]). Although the Court of Appeals has declined to apply the traditional rule in cases where the insurer has received late notice of a legal action but otherwise received timely notice of the accident or claim (*see e.g. Rekemeyer*, 4 NY3d at 475-476; *Matter of Brandon [Nationwide Mut. Ins. Co.]*, 97 NY2d 491, 497-498 [2002]), here there was no timely notice of the accident or claim (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339-340 [2005]; *Matter of Assurance Co. of Am. v Delgrosso*, 38 AD3d 649, 650 [2007]; *Gershow Recycling Corp. v Transcontinental Ins. Co.*, 22 AD3d 460, 461 [2005]; *Brownstone Partners/AF&F, LLC v A. Aleem Constr., Inc.*, 18 AD3d 204 [2005]). Thus, Progressive was entitled to disclaim coverage on the UM claim based on respondent's seven-month delay in notifying Progressive of the accident or claim (*see e.g. Gershow Recycling Corp.*, 22 AD3d at 461).

In light of our determination, we see no need to reach

Progressive's remaining contention. Present—Hurlbutt, J.P., Gorski, Smith, Lunn and Pine, JJ.