09-4332-cv
Pactrans Air & Seas, Inc. v. N.Y. Marine & Gen. Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of July, two thousand ten.

PRESENT: REENA RAGGI,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*

------------------------------------------------------------

PACTRANS AIR & SEAS, INC.,
*Plaintiff-Appellant*,

v.                                                                    No. 09-4332-cv

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,
*Defendant-Appellee*.

------------------------------------------------------------

APPEARING FOR APPELLANT:     JAMES M. MALONEY (Jeffrey A. Weiss, *on the brief*), Port Washington, New York.

APPEARING FOR APPELLEE:     TIMOTHY G. HOURICAN (Patrick R. O'Mea, *on the brief*), Brown Gavalas & Fromm LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on September 25, 2009, is AFFIRMED.

Plaintiff Pactrans Air & Seas, Inc. ("Pactrans"), a shipper of goods from China to the United States, appeals from an award of summary judgment in favor of its insurer, New York Marine & General Insurance Co. ("NYMAGIC"), on Pactrans's suit for a declaration that NYMAGIC is contractually obligated to defend and indemnify Pactrans in two lawsuits arising out of a damaged shipment of drywall and related delays.[1] We review an award of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. See Havey v. Homebound Mortg., Inc., 547 F.3d 158, 163 (2d Cir. 2008). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also FDIC v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010). In applying these principles, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

---

[1] Because we affirm the award of summary judgment in favor of NYMAGIC, we necessarily affirm the denial of Pactrans's cross-motion for summary judgment.

Pactrans submits that the district court erred in holding that, despite Pactrans's timely notice to NYMAGIC of the occurrence giving rise to the lawsuits, Pactrans's failure to provide timely notice of the lawsuits themselves permitted the insurer to disclaim coverage under New York's "no-prejudice" rule.

1. The No-Prejudice Rule

Prior to recent legislative amendments to New York's insurance law not applicable to this case,[2] the longstanding rule in New York held that where a primary insurance contract requires the insured to provide prompt notice after an occurrence potentially giving rise to liability, "the absence of timely notice of an occurrence is a failure to comply with a condition precedent which, as a matter of law, vitiates the contract."[3] Argo Corp. v. Greater

---

[2] New York Insurance Law §§ 3420(a)(5) and 3420(c)(2)(A), enacted after commencement of this action, now provide that untimely notice shall not invalidate a claim unless, in the case of notice provided within two years, an insurer proves prejudice, and, in the case of notice provided outside two years, the insured fails to prove lack of prejudice. It appears that maritime insurance contracts are, and have been for decades, excluded from this section of New York insurance law. See N.Y. Ins. Law § 3420(i) (cross-referencing id. § 2117(b)(3)). In any event, the amended rule does not apply to this case. See Ponok Realty Corp. v. United Nat'l Specialty Ins. Co., 69 A.D.3d 596, 596, 893 N.Y.S.2d 125, 127 (2d Dep't 2010) (holding amendments inapplicable to policies issued and delivered before January 17, 2009). The applicable rule – the pre-amendment version of the no-prejudice rule – is a creature of New York common law. See Briggs Ave. LLC v. Ins. Corp. of Hannover, 11 N.Y.3d 377, 382, 870 N.Y.S.2d 841, 843 (2008).

[3] Under federal maritime law, we determine the "scope and validity of the marine insurance policy provisions involved and the consequences of breaching them" under state law. Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 162 (2d Cir. 1998) (internal quotation marks and brackets omitted) (citing Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 316 (1955)). Here, the contract contains a choice of law provision providing that disputes are subject to the "statu[t]es of The State of New York," Supp. App. at 39, and the parties agreed before the magistrate judge that New York law applies. We decline Pactrans's invitation to fashion federal maritime law to resolve this dispute. See

3

N.Y. Mut. Ins. Co., 4 N.Y.3d 332, 339, 794 N.Y.S.2d 704, 706 (2005) (citing Sec. Mut. Ins. Co. of N.Y. v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 440-43, 340 N.Y.S.2d 902, 905-07 (1972)). In AXA Marine & Aviation Insurance (UK) Ltd. v. Seajet Industries, Inc., 84 F.3d 622, 628 (2d Cir. 1996), this court, predicting how the New York Court of Appeals would resolve the question, held that the no-prejudice rule applies where, as here, the insured provides timely notice of an occurrence but untimely notice of a claim or lawsuit arising from the occurrence.

Thereafter, the New York Court of Appeals carved out an exception to the no-prejudice rule in the context of Supplemental Uninsured Motorist ("SUM") coverage, see In re Brandon, 97 N.Y.2d 491, 743 N.Y.S.2d 53 (2002); Rekemeyer v. State Farm Mut. Auto. Ins. Co., 4 N.Y.3d 468, 796 N.Y.S.2d 13 (2005). Noting in Brandon that New York's adherence to the no-prejudice rule represented a minority position among the states, Chief Judge Kaye observed that "states often begin the shift to a prejudice requirement in the uninsured motorist context" where different policy concerns arise from those informing the no-prejudice rule. In re Brandon, 97 N.Y.2d at 496 n.3, 743 N.Y.S.2d at 56 n.3. But the Court of Appeals has not itself pushed that shift further. To the contrary, in Argo Corp. v. Greater New York Mutual Insurance Co., the Court of Appeals distinguished Brandon and

Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. at 321 ("We, like Congress, leave the regulation of marine insurance where it has been – with the States"); In re Prudential Lines, Inc., 158 F.3d 65, 72 (2d Cir. 1998) (applying New York law to maritime insurance contract "[b]ecause we see no need for a uniform federal rule (and because the parties have agreed that New York law governs)").

4

Rekemeyer and reiterated that the "rationale of the no-prejudice rule is clearly applicable to a late notice of lawsuit under a liability insurance policy." 4 N.Y.3d at 340, 794 N.Y.S.2d at 707. The Court reasoned that "[a] liability insurer, which has a duty to indemnify and often also to defend, requires timely notice of lawsuit in order to be able to take an active, early role in the litigation process and in any settlement discussions and to set adequate reserves." Id. The court held that "[l]ate notice of lawsuit in the liability insurance context is so likely to be prejudicial to these concerns as to justify the application of the no-prejudice rule." Id.

2.    The No-Prejudice Rule Applies in This Case

Pactrans argues that Argo does not support application of the no-prejudice rule to this case. It observes that in Argo, the insured failed to provide timely notice of both the occurrence giving rise to suit and the lawsuit, whereas, here, it is undisputed that Pactrans provided the former notice. We acknowledge this distinction, but we do not agree that Argo – or the SUM cases preceding it – abrogates the no-prejudice rule in all cases where the insured provides timely notice of an occurrence. In Brandon, the Court of Appeals was careful to note that it ruled in the narrow context of SUM insurance: "The issue of whether New York should continue to maintain the no-prejudice exception when insurers assert late notice of claim as a defense is not before us." 97 N.Y.2d at 496 n.3, 743 N.Y.S.2d at 56 n.3. Similarly, the Court of Appeals emphasized in Rekemeyer that Brandon was decided in the context of SUM insurance. See Rekemeyer v. State Farm Mut. Auto. Ins. Co., 4 N.Y.3d at

5

475, 796 N.Y.S.2d at 17 ([I]n [Brandon] this Court held that a SUM carrier that received timely notice of a claim must show prejudice before disclaiming SUM benefits based on late notice of a legal action. In the SUM context, the Brandon court was unwilling to extend the no-prejudice exception in regard to late notice of a legal suit . . . . (emphasis added) (internal citation omitted)). In Argo, decided the same day as Rekemeyer, the Court of Appeals applied the no-prejudice rule in a non-SUM case, albeit one where neither notice of occurrence nor suit had been given, framing the issue before it as "whether a primary insurer can disclaim coverage based solely upon a late notice of lawsuit or must show prejudice." 4 N.Y.2d at 336, 794 N.Y.S.2d at 705. Thus, despite Pactrans's argument to the contrary, the New York Court of Appeals has never held that the no-prejudice rule no longer applies to a situation such as this one where there was timely notice of the occurrence, but late notice of suit, in a non-SUM context.

Moreover, decisions by New York's intermediate appellate courts after Argo do not reflect an exception to the no-prejudice rule in the circumstances here at issue. See Liberty Moving & Storage Co. v. Westport Ins. Corp., 55 A.D.3d 1014, 1016, 865 N.Y.S.2d 724, 726-27 (3d Dep't 2008) (applying no-prejudice rule to late notice of suit despite timely notice of occurrence and stating that "recent departures from the general 'no prejudice' rule in the context of supplemental uninsured and underinsured motorists coverage under automobile insurance policies" were inapplicable); 1700 Broadway Co. v. Greater N.Y. Mut. Ins. Co., 54 A.D.3d 593, 594, 863 N.Y.S.2d 434, 435 (1st Dep't 2008) (affirming trial court's

6

application of no prejudice rule based on untimely notice of suit without addressing whether there was untimely notice of occurrence); GEICO Co. v. Wingo, 36 A.D.3d 908, 909, 830 N.Y.S.2d 215, 216 (2d Dep't 2007) (upholding disclaimer based on late notice of suit without discussing prejudice where insurer received notice of occurrence within month). But see American Transit Ins. Co. v. B.O. Astra Mgmt. Corp., 39 A.D.3d 432, 432, 835 N.Y.S.2d 106, 107 (1st Dep't 2007) (holding in automobile insurance context that after timely notice of claim insurer could not disclaim based on late notice of suit absent prejudice).

Finally, although the Court of Appeals signaled its willingness to reconsider the scope of the no-prejudice rule, see, e.g., Rekemeyer v. State Farm Mut. Auto. Ins. Co., 4 N.Y.3d at 475, 796 N.Y.S.2d at 17 (noting "important public policy issues" warranting "review of the no-prejudice exception, particularly when the insured has given timely notice of occurrence or claim"), it has yet to issue an opinion disavowing this court's holding in AXA Marine and Aviation Insurance (UK) Ltd. v. Seajet Industries, Inc., that the no-prejudice rule applies in New York where the insured provides timely notice of an occurrence but late notice of suit, see 84 F.3d at 627-28 (detailing reasons why notice of lawsuit is important to insurers). Under these circumstances, we remain bound by AXA Marine and, therefore, we conclude that the district court properly applied the no-prejudice rule to this case.

Further, we detect no error in the district court's determination that Pactrans's failure to provide NYMAGIC with notice of the two lawsuits at issue until at least seven and nine months after it became aware of these actions was unreasonable as a matter of law. See, e.g.,

7

Deso v. London & Lancashier Indem. Co. of Am., 3 N.Y.2d 127, 130, 164 N.Y.S.2d 689, 692 (1957) (holding delay of 51 days unreasonable as matter of law); Those Certain Underwriters at Lloyds v. Gray, 49 A.D.3d 1, 6, 856 N.Y.S.2d 1, 5 (1st Dep't 2007) ("Even relatively short periods of time, if not justified by the insured, have been found to be unreasonable as a matter of law . . . ."). Thus, summary judgment was properly awarded in favor of NYMAGIC.

We have considered plaintiff's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court