# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**210**
**CA 10-01460**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

IN THE MATTER OF THE ARBITRATION BETWEEN NGM
INSURANCE COMPANY, PETITIONER-RESPONDENT,

                AND                        MEMORANDUM AND ORDER

DOUGLAS E. HAAK AND CARMELA HAAK,
RESPONDENTS-APPELLANTS.

VIOLA, CUMMINGS & LINDSAY, LLP, NIAGARA FALLS (MICHAEL J. SKONEY OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

BROWN & KELLY, LLP, BUFFALO (CAROLYN M. HENRY OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered April 13, 2010. The order
granted the application of petitioner for a permanent stay of
arbitration.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Douglas E. Haak (respondent) is a police officer who
was involved in an accident during a high-speed chase of a vehicle
operated by John J. Davis, Jr. and owned by Snorac, Inc. (Snorac), a
rental car company. Respondent's vehicle struck another police
vehicle while pursuing Davis, causing respondent to sustain, inter
alia, an orbital fracture. Other officers continued the chase, and
Davis later crashed into a building and was apprehended after he fled
on foot. Approximately 22 months after the incident, respondent
notified petitioner, his automobile insurance carrier, of his accident
and potential claim for supplementary uninsured/underinsured motorist
(SUM/UM) benefits. Respondent and his wife, respondent Carmela Haak,
simultaneously commenced a personal injury action against Davis and
Snorac. Petitioner disclaimed coverage on the ground that respondent
failed to provide notice of the claim "as soon as practicable," as
required by the policy, prompting respondents to serve a notice of
intention to arbitrate. Petitioner thereafter commenced this
proceeding seeking a permanent stay of arbitration. Supreme Court
properly granted the petition.

It is well settled that "[t]he requirement that an insured notify
its liability carrier of a potential claim 'as soon as practicable'
operates as a condition precedent to coverage" (*White v City of New*

*York*, 81 NY2d 955, 957).  "[I]n the SUM[/UM] context, the phrase 'as soon as practicable' means that 'the insured must give notice with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured' " (*Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468, 474).  Whether an insured has given notice as soon as practicable should be determined on a case-by-case basis, taking into account all of the relevant circumstances (*see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 494-495).  Factors to consider include the seriousness and nature of the insured's injuries, and the extent of the tortfeasor's coverage (*see id.* at 493; *Matter of Allstate Ins. Co. [Earl]*, 284 AD2d 1002, 1004), as well as "the time within which an insured's injuries manifest themselves" (*Unwin v New York Cent. Mut. Fire Ins. Co.*, 268 AD2d 669, 670).

Here, we conclude that respondent's notice of the potential claim, given almost two years after the accident, was untimely under the circumstances of this case.  It was obvious from the outset that respondent had sustained a serious injury within the meaning of Insurance Law § 5104 (*see* § 5102 [d]), and respondent knew or should have known shortly after the accident that Davis was uninsured.  Respondents contend that respondent was not required to provide notice of the claim until the court in the underlying personal injury action had granted Snorac's motion for summary judgment dismissing the complaint against it based upon the Graves Amendment (49 USC § 30106), which generally exempts rental car companies from the vicarious liability provisions of Vehicle and Traffic Law § 388.  Until then, respondents assert, they did not know that the Davis vehicle was uninsured or underinsured.  We reject that contention.  The Graves Amendment unequivocally applies to Snorac unless Davis's use of the vehicle was not "during the period of the rental or lease" (49 USC § 30106 [a]).  In our view, that information could have been ascertained by respondents well before the court granted Snorac's motion in the underlying action and, in any event, there is no indication in the record before us that respondents made any efforts to obtain such information.  We thus conclude that respondents failed to meet their burden "of establishing a reasonable excuse for the [almost] two-year delay in giving notice" (*Matter of State Farm Mut. Auto. Ins. Co. [Cybulski]*, 1 AD3d 905, 906).

Finally, we reject respondents' further contention that the decision of the Court of Appeals in *Rekemeyer* (4 NY3d at 475-476) requires that petitioner show prejudice before disclaiming coverage.  In *Rekemeyer*, the insured provided timely notice of the accident but not the claim, and the insurer thus had an opportunity to investigate the accident.  Here, in contrast, respondent provided notice of the accident at the same time that he provided notice of the claim, approximately 22 months after the accident occurred (*see Matter of Progressive Northeastern Ins. Co. [Heath]*, 41 AD3d 1321, 1322).  Thus, the limited no-prejudice rule set forth in *Rekemeyer* does not apply.

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court