11-3774-cv
*Weeks Marine, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
>
> *Circuit Judges.*

---

WEEKS MARINE, INC.,

> *Plaintiff-Appellant,*

v.                                                                          No. 11-3774-cv

AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION
AND INDEMNITY ASSOCIATION, INC., SHIPOWNERS
CLAIMS BUREAU, INC.,

> *Defendants-Appellees,*

---

**FOR PLAINTIFF-APPELLANT:**          JOHN A.V. NICOLETTI (Noshin Namazi,
                                       William M. Fennel, *on the brief*) Nicoletti
                                       Hornig & Sweeney, New York, NY.

1

**FOR DEFENDANTS-APPELLEES:**       JOHN WOODS (George G. Cornell, John Russell Stevenson, *on the brief*) Clyde & Co, US LLP, New York, NY.

Appeal from an August 26, 2011 judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Weeks Marine, Inc. ("Weeks") brought this suit against American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("American Club") and Shipowners Claims Bureau, Inc. ("SCB") (jointly, "defendants") seeking damages and declaratory relief following an alleged breach of an insurance contract. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. The following facts are undisputed.

American Club is non-profit mutual insurance association managed by SCB; Weeks is a member of American Club. As relevant here, Weeks was issued a "Certificate of Entry" ("Certificate") by American Club as part of its annual membership for a one-year period, commencing February 20, 2005. The Certificate provided, *inter alia*, a division of liability between Weeks and American Club for all claims by crew or employees in which Weeks would bear liability up to $1 million and American Club would bear liability for claims in excess of $1 million, up to a maximum of $2 million in liability—effectively leaving Weeks also liable for any amount in excess of $3 million. In addition, the Certificate provided that Weeks would be responsible for "the investigation, settlement, defense or appeal" of any crew claim and would give American Club "prompt notice," in the event it learned of any one of five conditions:

> (a) any claim, suit or proceeding that appears to involve indemnity by the American Club; (b) any occurrence, claim, award or proceeding judgment which exceeds 50% of the Insured's retention under this policy, (c) any occurrence which causes serious injury (disability for a

period of nine months or more) to two or more employees; (d) any case involving: 1. Amputation of a major extremity, 2. Brain or spinal cord injury, 3. Death, 4. Any second or third degree burn of 50% of the body or more; (e) the reopening of any case in which further award might involve liability to the American Club.

*Weeks Marine, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n*, No. 08-CV-9878, 2011 WL 3796331, at *1-2 (S.D.N.Y. Aug. 25, 2011). As a member of American Club, Weeks was also subject to the association's by-laws. These by-laws, in part, govern the handling of claims by members, such as Weeks, against American Club.

The instant dispute between the parties arises from a claim filed by Maximino Garza ("Garza"), a Weeks crew member, following a February 15, 2006 accident which resulted in a concussion and cervical sprain. Following the rejection of an $850,000 settlement demand Garza proceeded to trial against Weeks on February 5, 2008 and obtained a judgment in his favor in the amount of $3,715,620.36.[1] The defendants received notice of the Garza claim from Weeks two days later. After the defendants refused to indemnify Weeks, citing a failure to provide prompt notice of the Garza claim, Weeks instituted the current suit.

In the proceedings below, the defendants moved for summary judgment, which Weeks opposed principally on the grounds that the notification provision in the Certificate was not a condition precedent to insurance coverage and that, in any event, the defendants were required to show that they were prejudiced by the lack of notification in order to deny coverage. After a through analysis of relevant precedents under New York law, the District Court found that New York's traditional "no prejudice" rule applied and that the defendants were not required to show prejudice to disclaim coverage after being notified of a claim post-judgment. The District Court also

---

[1] Weeks Marine appealed the verdict and the Texas Court of Appeals affirmed. *Weeks Marine, Inc. v. Garza*, 370 S.W.3d 390 (Tex. App. 2010). After briefing was concluded in the case presently before us, the Supreme Court of Texas issued a decision affirming in part and reversing in part, reducing Garza's award by $2.5 million. *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157 (Tex. 2012).

considered, and rejected, several arguments by Weeks claiming that it was not contractually obligated to report the Garza claim. Based on these conclusions, the District Court granted summary judgment in favor of the defendants. This appeal followed.

## DISCUSSION

We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)). On appeal, Weeks raises a number of arguments, nearly all of which were considered, and dismissed, by the District Court. First, Weeks argues that the District Court erred in applying New York's "no prejudice" rule rather than the established common law rules. *See Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 79 N.Y.2d 576, 581 (1992) (recognizing New York's "no prejudice" rule as a limited exception to established rules of contract law). We disagree. "It is settled New York law that the notice provision for a primary insurer operates as a condition precedent and that the insurer need not show prejudice to rely on the defense of late notice." *Id.* The exceptions to this rule to which Weeks cites—*Unigard*, for reinsurance contracts, and *Rekemeyer v. State Farm Mut. Auto. Ins. Co.*, 4 N.Y.3d 468 (2005), for supplemental underinsured motorist ("SUM") benefits—are inapplicable to the current facts. *Rekemeyer* is facially distinguishable from the instant case as one where the New York Court of Appeals was persuaded to "relax its application of the no-prejudice rule in SUM cases where the carrier [had] been timely put on notice of the accident." *Rekemeyer*, 4 N.Y.3d at 474. Likewise, the District Court correctly determined that "there can be no dispute that the American Club is not a reinsurer and the Certificate of Entry between Weeks Marine and the American Club is not a reinsurance contract," *Weeks Marine*, 2011 WL 3796331, at *7, rendering the current case, at best, only "analogous," *id.*, to the reinsurance contract at issue in *Unigard*.

4

Weeks on appeal invites us to extend the *Unigard* rule beyond reinsurance contracts to the facts of this case. We decline to do so, substantially for the reasons given by the District Court in its Opinion of August 25, 2011. *See Weeks Marine*, 2011 WL 3796331, at *7-8. Accordingly, we find no reason to deviate from New York's "no prejudice" rule and dismiss Weeks's claim.

On appeal, Weeks also argues, curiously, that the Certificate which contained a notification provision for "[b]rain or spinal cord injur[ies]" did not require reporting Garza's concussion because Weeks had the discretion to determine that a concussion is not a brain injury. We agree with the District Court that "[w]hatever the symptoms of a concussion are, it is beyond dispute that they are caused by trauma, and that the trauma is to the brain." *Weeks Marine*, 2011 WL 3796331, at *12 (citing cases and medical authorities). Accordingly, we find no merit to Weeks's arguments that it was not required to report the Garza claim.

Finally, Weeks argues on appeal that American Club's coverage of two prior claims, involving sums of $2.35 million and $1.8 million, paid to crew members who had sustained back injuries, despite untimely notice, creates an issue of fact as to whether American Club should be estopped from denying coverage here. We find no merit to this argument, substantially for the reasons given by the District Court in its Opinion of August 25, 2011. *See Weeks Marine*, 2011 WL 3796331, at *12-13.

## CONCLUSION

We have considered all of Weeks's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the August 26, 2011 judgment of the District Court in all respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5