# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**18**

**CA 15-01144**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

LISA L. SLOCUM, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

PROGRESSIVE NORTHWESTERN INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

---

STANLEY LAW OFFICES, SYRACUSE (ANTHONY MARTOCCIA OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Donald F. Cerio, Jr., A.J.), entered January 21, 2015.  The order
denied plaintiff's motion for summary judgment and denied as moot
defendant's cross motion to compel discovery.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, plaintiff's motion is
granted, judgment is granted in favor of plaintiff as follows:

It is ADJUDGED and DECLARED that defendant is obligated
to provide supplemental uninsured/underinsured motorist
coverage to plaintiff,

and the matter is remitted to Supreme Court, Onondaga County, for
further proceedings on defendant's cross motion.

Memorandum:  Plaintiff was injured in a motor vehicle accident on
July 29, 2012, when the vehicle in which she was a passenger was hit
from behind by a vehicle operated by a nonparty tortfeasor.  At the
time, plaintiff was a named insured on an automobile insurance policy
issued by defendant to plaintiff's mother.  On September 11, 2012,
plaintiff learned that the coverage limit of the tortfeasor's
insurance policy was $50,000.  On June 6, 2013, plaintiff underwent
cervical fusion surgery.  In August 2014, more than two years after
the accident, plaintiff notified defendant of the accident and sought
coverage under the supplemental uninsured/underinsured motorist (SUM)
endorsement of the policy.  Defendant disclaimed coverage on the
ground that plaintiff failed to provide timely notice of her SUM claim
pursuant to the terms of the policy, and plaintiff commenced this
action and thereafter moved for summary judgment seeking a declaration
that she is entitled to SUM coverage under the policy.  Defendant

opposed the motion, contending that plaintiff's failure to notify it of her SUM claim in a timely manner vitiated coverage, and cross-moved to compel disclosure of plaintiff's medical records. Supreme Court denied plaintiff's motion, determining that plaintiff failed to demonstrate that defendant had not been prejudiced by plaintiff's "two-plus year delay" in notifying defendant of the accident. The court also denied defendant's cross motion as moot.

We conclude that the court erred in denying plaintiff's motion. Initially, we reject plaintiff's contention that her delay in notifying defendant of the accident was reasonable. Here, the policy required that notice be given to defendant "[a]s soon as practicable," which means, "in the SUM context, . . . that 'the insured must give notice with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured' " (*Rekemeyer v State Farm Mut. Auto. Ins. Co.*, 4 NY3d 468, 474). Plaintiff became aware of the limits of the tortfeasor's policy in September 2012, and she learned the extent of her injuries at least by June 2013, when she underwent cervical fusion surgery. Under the circumstances, we conclude that it was unreasonable for plaintiff to wait until August 2014 to notify defendant of her SUM claim (*see Matter of State Farm Mut. Auto. Ins. Co. [Hernandez]*, 275 AD2d 989, 989; *see generally Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 494-495).

We agree with plaintiff, however, that she is entitled to coverage based on Insurance Law § 3420 (a) (5). Effective January 2009, an insurer may not deny coverage based on untimely notice "unless the failure to provide timely notice has prejudiced the insurer" (*id.*), and prejudice is not established "unless the failure to timely provide notice materially impairs the ability of the insurer to investigate or defend the claim" (§ 3420 [c] [2] [C]). Further, "[i]n any action in which an insurer alleges that it was prejudiced as a result of a failure to provide timely notice," the burden of proof is on the insurer to prove that it has been prejudiced "if the notice was provided within two years of the time required under the policy" (§ 3420 [c] [2] [A]).

We conclude in the context of this summary judgment motion that plaintiff met her initial burden by establishing that she provided notice within two years of the time required under the policy and that defendant was not prejudiced by the delay. As noted, plaintiff learned the limits of the tortfeasor's insurance coverage on September 11, 2012, and that date was the earliest "time required under the policy" for plaintiff to provide notice (Insurance Law § 3420 [c] [2] [A]; *see Rekemeyer*, 4 NY3d at 474). Plaintiff provided defendant with notice of the accident in August 2014, less than two years later. Thus, prejudice to defendant is not presumed under Insurance Law § 3420 (c) (2) (C).

Plaintiff also established as a matter of law that defendant was not prejudiced by her delay in providing notice, thus shifting the burden to defendant to raise an issue of fact. We conclude that defendant failed to meet that burden by demonstrating that its ability

to investigate or defend the claim has been "materially impair[ed]" (Insurance Law § 3420 [c] [2] [C]; *cf. Atlantic Cas. Ins. Co. v Value Waterproofing, Inc*., 918 F Supp 2d 243, 255-256).  Although defendant submitted an affidavit from one of its claims representatives asserting that it was prejudiced because of its inability to examine the vehicles involved in the accident, it is reasonable to conclude that the vehicles would have been repaired in the time between the accident and the date that plaintiff was required to give notice under the policy.  Defendant therefore failed to establish that it would have had the opportunity to inspect the damage to the vehicles even if plaintiff had provided it with timely notice of her SUM claim. Although defendant's claims representative further asserted that defendant suffered prejudice because it was unable to conduct an examination under oath or an independent medical examination of plaintiff before she underwent cervical fusion surgery in June 2013, we conclude that defendant's submissions fail to establish that postsurgery examinations and plaintiff's medical records will not yield the information sought.

Finally, in light of our determination, we remit the matter to Supreme Court to determine the merits of defendant's cross motion.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court